SCHIFF HARDIN LLP
Stephen M. Hankins (Cal. Bar No. 154886)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701
Email: shankins@schiffhardin.com

Attorneys for Defendant and Counterclaimant
EASTMAN KODAK COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, a New Jersey Corporation<br><br>Defendant. | Case No.  08 CV 0669 H BLM<br><br>**ANSWER AND COUNTERCLAIM TO COMPLAINT FOR DECLARATORY JUDGMENT** |
| EASTMAN KODAK COMPANY,<br><br>Counterclaimant,<br><br>v.<br><br>DR SYSTEMS, INC.,<br><br>Counterclaim Defendant. | |

## **ANSWER**

Eastman Kodak Company ("Kodak"), by and through its undersigned attorneys, hereby responds to plaintiff DR Systems, Inc.'s ("DR Systems") Complaint for Declaratory Judgment. Kodak responds to the numbered paragraphs of the Complaint, and in so doing denies the allegations of the Complaint except as specifically stated otherwise.

- 1 -

ANSWER AND COUNTERCLAIM OF EASTMAN KODAK CO.                                    CASE NO. 08 CV 0668 H BLM

## INTRODUCTION

1. Kodak admits that it owns United States Patent No. 5,414,811 (the "811 Patent") and that it contends that at least DR Systems' Dominator, Catapult and Vitrea product lines infringe the '811 patent.  Kodak is without knowledge and information sufficient to form a belief as to the truth of the allegation regarding DR Systems' apprehension of suit and accordingly denies it.  Kodak denies the remaining allegations of Paragraph 1.

## THE PARTIES

2. Kodak admits the allegations of Paragraph 2 on information and belief.

3. Kodak admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Kodak admits the allegations of Paragraph 4.

5. The allegations of Paragraph 5 state a legal conclusion to which no response is necessary; to the extent an answer is required, Kodak denies the allegations of Paragraph 5.

6. Kodak admits the allegations of Paragraph 6.

## DR SYSTEMS' APPREHENSION OF SUIT

7. Kodak admits that on October 11, 2007, Peter C. Cody, in-house counsel for Kodak, sent a letter to DR Systems but states that the document speaks for itself and denies any allegations inconsistent therewith.  Kodak is without knowledge and information sufficient to form a belief as to the truth of the allegation regarding DR Systems' apprehension of suit and accordingly denies it.  Kodak denies the remainder of the allegations of Paragraph 7.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment for Non-Infringement of the '811 Patent)**

8. Kodak incorporates its responses to Paragraph 1-7 as if fully set forth herein.

9. Kodak admits the allegations of Paragraph 9.

10. Kodak admits the allegations of Paragraph 10.

11. Kodak admits that the October 11, 2007 letter contains the quoted language, but denies that the allegations of Paragraph 11 fully and completely describe the contents of the document.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12. Kodak denies the allegations of Paragraph 12.

13. Kodak denies the allegations of Paragraph 13.

14. Kodak is without knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 14 and accordingly denies the allegations therein.

15. The allegations of Paragraph 15 state a legal conclusion which requires no response; to the extent an answer is required, Kodak denies the allegations of Paragraph 15.

16. Kodak denies the allegations of Paragraph 16.

17. Kodak denies the allegations of Paragraph 17.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '811 Patent)

18. Kodak incorporates its responses to Paragraphs 1-17 as if fully set forth herein.

19. Kodak denies the allegations of Paragraph 19.

20. Kodak denies the allegations of Paragraph 20.

21. The allegations of Paragraph 21 state a legal conclusion which requires no response; to the extent an answer is required, Kodak denies the allegations of Paragraph 21.

22. Kodak denies the allegations of Paragraph 22.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Defendant and Counterclaimant Kodak, by and through its undersigned attorneys, alleges the following counterclaim against Counterclaim Defendant DR Systems.

## PARTIES

1. Kodak is a corporation formed under the laws of New Jersey with its principal place of business in Rochester, New York.

2. Upon information and belief, DR Systems is a California corporation with its principal place of business in San Diego, California.

## JURISDICTION AND VENUE

3. This court has subject matter over Kodak's counterclaim under 28 U.S.C. §§ 1331, 1338, and Title 35 U.S.C. §§ 1, *et seq.*

4. Personal jurisdiction is proper because DR Systems has a principal place of

1  business in this District, and has consented to the personal jurisdiction of this Court.

2      5.    Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because DR Systems has a principal place of business in this District, and filed suit in this District, consenting to venue in an action to which these counterclaims are made.

## COUNTERCLAIM

6.    On May 9, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,414,811 (the "811 Patent"), titled "Method and Apparatus for Controlling Rapid Display of Multiple Images From A Digital Image Database," a copy of which is attached as Exhibit A. Kodak is the assignee and owner of the '811 Patent.

7.    In violation of Kodak's exclusive rights under the patent laws of the United States, DR Systems has infringed and continues to infringe the '811 Patent by using, making, importing, offering for sale, and selling products that embody the inventions claimed in the '811 Patent, including without limitation the product lines referred to as Dominator, Catapult, and Vitrea. DR Systems is also contributing to and inducing infringement of the '811 Patent with respect to these products.

8.    DR Systems was aware of the existence of the '811 Patent and, upon information and belief, has willfully infringed and continues to willfully infringe that patent.

9.    By reason of DR Systems' infringing activities, Kodak has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

10.    DR Systems' conduct has also caused, and will continue to cause, Kodak irreparable harm. DR Systems' conduct is likely to continue unless it is enjoined from such conduct by this Court.

11.    This case is an exceptional one, and Kodak is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful acts of DR Systems set forth herein, Kodak prays for:

A.    entry of judgment that Kodak is the owner of the '811 Patent;

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  B. entry of judgment that DR Systems has infringed, and continues to infringe, and to
2  contribute to and induce infringement of, the '811 Patent;

3  C. an injunction prohibiting DR Systems, and all persons in concert and participation
4  with it, from using, making, importing, offering for sale, and selling medical imaging systems or
5  any other products that embody the inventions claimed in the '811 Patent;

6  D. an award of damages adequate to compensate Kodak for DR Systems'
7  infringement of the '811 Patent;

8  E. an award that trebles the amount of actual damages assessed against DR Systems
9  and in favor of Kodak pursuant to 35 U.S.C. § 284;

10 F. an award of reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

11 G. such other and further relief as the Court may deem just and proper.

13 Dated: May 7, 2008                          Respectfully submitted,
                                               Schiff Hardin LLP

                                               By: /s/ Stephen M. Hankins
                                                   Stephen M. Hankins
                                                   Attorneys for Defendant and
                                                   Counterclaimant Eastman Kodak Company

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service were served the 7th day of May, 2008, with a copy of the Answer and Counterclaim of Eastman Kodak Company via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

Dated: May 7, 2008

Respectfully submitted,
Schiff Hardin LLP

By: /s/ Stephen M. Hankins
    Stephen M. Hankins
    Attorneys for Defendant and
    Counterclaimant Eastman Kodak Company