J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 East Gate Mall
San Diego, CA  92121
Telephone:     (858) 550-6150
Facsimile:      (858) 225-3500

Raymond P. Niro (*Pro Hac Vice*)
Matthew G. McAndrews (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Dina M. Hayes (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:     (312) 236-0733
Facsimile:      (312) 236-3137

Attorneys for Plaintiff
DR SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> EASTMAN KODAK COMPANY, a New Jersey Corporation <br><br> Defendant. | Case No.: 08 CV 00669 H (BLM) <br><br> **DR SYSTEMS' AMENDED REPLY TO EASTMAN KODAK'S COUNTERCLAIMS** |
| EASTMAN KODAK COMPANY, <br><br> Counterclaimant, <br><br> v. <br><br> DR SYSTEMS, INC., <br><br> Counterclaim Defendant. | |

1

Plaintiff, DR Systems, Inc. ("DR Systems"), responds to the Counterclaims of Defendant, Eastman Kodak Company ("Kodak"), filed on May 7, 2008 as follows:

## COUNTERCLAIMS

6. On May 9, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,414,811 (the "811 Patent"), titled "Method and Apparatus for Controlling Rapid Display of Multiple Images From A Digital Image Database," a copy of which is attached as Exhibit A. Kodak is the assignee and owner of the '811 Patent.

**Response:** DR Systems admits that a copy of U.S. Patent No. 5,414,811 titled "Method and Apparatus for Controlling Rapid Display of Multiple Images From A Digital Image Database" is attached as Exhibit A to the Answer. DR Systems further admits that the '811 patent indicates on its face that it issued on the asserted date and lists Kodak as the assignee. Otherwise, denied.

7. In violation of Kodak's exclusive rights under the patent laws of the United States, DR Systems has infringed and continues to infringe the '811 Patent by using, making, importing, offering for sale, and selling products that embody the inventions claimed in the '811 Patent, including without limitation the product lines referred to as Dominator, Catapult, and Vitrea. DR Systems is also contributing to and inducing infringement of the '811 Patent with respect to these products.

**Response:** Denied.

8. DR Systems was aware of the existence of the '811 Patent and, upon information and belief, has willfully infringed and continues to willfully infringe that patent.

**Response:** Denied.

9. By reason of DR Systems' infringing activities, Kodak has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial.

**Response:** Denied.

10. DR Systems' conduct has also caused, and will continue to cause, Kodak irreparable harm. DR Systems' conduct is likely to continue unless it is enjoined from such conduct by this Court.

**Response:** Denied.

11. This case is an exceptional one, and Kodak is entitled to an award of its reasonable attorney fees under 35 U.S.C. § 285.

**Response:** Denied.

**AFFIRMATIVE DEFENSES**

DR Systems asserts the following Affirmative Defenses against Kodak's Counterclaims and reserves the right to further amend its responses as additional information becomes available:

1. The claims of United States Patent No. 5,414,811 are invalid, unenforceable and not infringed by DR Systems.

2. DR Systems has not knowingly contributed to or induced the infringement of others by willfully and intentionally aiding, assisting and encouraging the alleged infringement of the '811 patent.

3. Kodak's claims are barred by laches, estoppel, waiver and unclean hands.

4. Kodak is estopped from construing any claim of the '811 patent to cover or include any product, process, device, component or structure made, used, sold or offered for sale by DR Systems because of positions taken during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '811 patent.

5. DR Systems adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available. No affirmative defense is waived.

WHEREFORE, DR Systems requests that judgment be entered against Kodak and in DR Systems' favor on the Counterclaims brought by Kodak. DR Systems further requests that it be granted all of the relief requested in its Complaint.

///

///

///

///

///

## JURY DEMAND

DR Systems demands a trial by jury on all issues properly triable to a jury.

Respectfully submitted,

Dated: June 9, 2008                JACZKO GODDARD LLP

                                   NIRO SCAVONE HALLER & NIRO


                                   By:   s/Allison H. Goddard
                                         Allison H. Goddard
                                         Attorneys for Plaintiff
                                         DR SYSTEMS, INC.

**Certificate of Service**

The undersigned hereby certifies that all below counsel of record who are deemed to have consented to electronic service were served the 9th day of June, 2008, with a copy of the **DR Systems' Amended Reply to Eastman Kodak's Counterclaims** via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                      s/Allison H. Goddard
                                                     Allison H. Goddard