J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 East Gate Mall
San Diego, CA  92121
Telephone:     (858) 550-6150
Facsimile:      (858) 225-3500

Raymond P. Niro (*Pro Hac Vice*)
Matthew G. McAndrews (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Dina M. Hayes (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:     (312) 236-0733
Facsimile:      (312) 236-3137

Attorneys for Plaintiff and Counterdefendant
DR SYSTEMS, INC.


Stephen M. Hankins (154886)W. Paul Schuck (203717)
SCHIFF HARDIN LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendant and Counterclaimant
EASTMAN KODAK COMPANY

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR SYSTEMS, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>        Defendant.<br>_____<br><br>AND RELATED COUNTER-CLAIMS.<br>_____ | Case No. 08 cv669 (BLM)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  June 19, 2008<br>Time:  1:30 p.m.<br>Chambers of Hon. Barbara L. Major |

1

DR Systems, Inc. ("DR Systems") and Eastman Kodak Company ("Kodak"), by and through their respective counsel, hereby submit this Joint Discovery Plan.

## NATURE OF THE CASE

This case presents federal claims and counter-claims arising under 28 U.S.C. §§ 1331 and 1338. DR Systems brought this Declaratory Judgment action claiming its reasonable apprehension of suit related to Kodak's assertion of United States Patent No. 5,414,811 entitled "Method and Apparatus for Controlling Rapid Display of Multiple Images From a Digital Image Database" (the '811 patent). Kodak counter-claimed, asserting that the '811 patent is valid and that DR Systems' sale and offer for sale of products identified in its Counter-Claims constitute infringement of the '811 patent. DR Systems contends there is no infringement and has asserted that the '811 patent is invalid and is unenforceable.

## SUBJECTS OF DISCOVERY

The material factual and legal issues which must be resolved and require discovery are: (1) validity of the '811 patent, (2) infringement of the '811 patent by DR Systems, (3) whether the '811 patent is enforceable, (4) whether the alleged infringement was willful, (5) laches and estoppel, and (6) the amount of damages, if any, which would be sufficient to compensate Kodak for any infringement that occurred.

## DISCOVERY PLAN

The parties, through counsel, having conferred by telephone in accordance with Rule 26(f) Fed. R. Civ. P., jointly propose the following schedule:

| Event | Proposed Dates |
| --- | --- |
| Exchange of Initial Disclosures Pursuant to Fed.R.Civ.P. 26(A)(1) | June 12, 2008 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions and accompanying document production [Pat. L.R. 3.1-3.2] | July 3, 2008 |
| Preliminary Invalidity Contentions and accompanying document production [Pat. L.R. 3.3-3.4] | September 2, 2008 |

| Event | Proposed Dates |
|---|---|
| Exchange of Proposed Terms and Claim Elements for Construction | September 9, 2008 |
| Simultaneous Exchange of Preliminary Claim Constructions and Preliminary Identifications of Extrinsic Evidence [Pat. L.R. 4.1.a-b.] | September 16, 2008 |
| Deadline to Amend Pleadings | September 30, 2008 |
| Simultaneous Exchange of Responsive Claim Constructions [Pat. L.R. 4.1.c-d.] | September 30, 2008 |
| Filing of Joint Claim Chart, Worksheet and Hearing Statement [Pat. L.R. 4.2] | October 14, 2008 |
| Completion of Claim Construction Discovery [Pat. L.R. 4.3] | November 12, 2008 |
| Opening Claim Construction Briefs [Pat. L.R. 4.4.a.] | November 24, 2008 |
| Responsive Claim Construction Briefs [Pat. L.R. 4.4.b] | December 10, 2008 |
| Claim Construction Hearing [Pat. L.R. 4.5] | January 15, 2009 |
| Disclosure of Advice of Counsel [Pat. L.R. 3.8] | ***Kodak's Position:*** 30 days after issuance of Claim Construction Order in accordance with Patent Local Rule 3.8.<br><br>***DR Systems' Position:*** Disclosure deferred until 30 days after the close of fact discovery, or until such time as Kodak makes a threshold showing of "objective recklessness" under the new willfulness standard of In re Seagate Tech., 2007 U.S. App. LEXIS 19768 (Fed. Cir. August 20, 2007), in accordance with Judge Stormes' ruling in DR v. Fuji, et al at Defendants' request which superseded PLR 3.8) |
| Close of Fact Discovery | 90 days after issuance of Claim Construction Order |

3

| Event | Proposed Dates |
|---|---|
| Exchange of Expert Reports | 120 days after issuance of Claim Construction Order |
| Close of Expert Discovery | 165 days after issuance of Claim Construction Order |

The parties agree that the resultant Scheduling Order can be modified only by order of the judge, or the magistrate judge if so authorized by the judge, and only upon a showing of good cause or by agreement of the parties.

The parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure should be applied in this case.

## CLAIM CONSTRUCTION HEARING

At this time, the parties do not anticipate presenting live testimony at the Claim Construction Hearing.

## ELECTRONIC DISCOVERY

The parties have discussed the production and exchange of electronic discovery and agree that each party's Electronically Stored Information (ESI) will be copied from Active/Archived email, shared network drives and active remote devices such as laptops and portable drives/media. The parties further agree that the parties will not be required to produce less-accessible ESI such as Backup Tapes/Data, Legacy Systems/Data, Voice/IM/PDA Data, and other data compilations, but that the parties will identify any such ESI that is responsive to a discovery request and undertake all reasonable efforts to make such ESI available for inspection. Files in native form will ordinarily not be produced, but counsel agree to negotiate in good faith regarding production in native form of ESI if the requesting party can demonstrate that relevant information does not appear in the TIF images produced or that relevant metadata may exist. Certain types of ESI cannot be produced as a TIF image. These will be produced in their native form if responsive to a discovery request.

4

**PROPOSED PROTECTIVE ORDER**

The parties have exchanged and discussed the terms of an agreed proposed Protective Order as set forth in the Local Rules to protect confidential information of the parties and intend to file a stipulated Proposed Protective Order with the Court shortly.

Dated: June 10, 2008              JACZKO GODDARD LLP

                                  NIRO SCAVONE HALLER & NIRO


                                  By:   s/Allison H. Goddard
                                        Allison H. Goddard
                                        Attorneys for Plaintiff and
                                        Counterdefendant
                                        DR SYSTEMS, INC.

Dated: June 10, 2008              SCHIFF HARDIN LLP


                                  By:   s/W. Paul Schuck
                                        W. Paul Schuck
                                        Attorneys for Defendant and
                                        Counterclaimant
                                        EASTMAN KODAK COMPANY

## Certificate of Service

The undersigned hereby certifies that all below counsel of record were served the 10th day of June, 2008, with a copy of **JOINT CASE MANAGEMENT STATEMENT** via electronic email means:

        SCHIFF HARDIN LLP
        Stephen M. Hankins (Cal. Bar No. 154886)
        W. Paul Schuck (Cal. Bar. No.   )
        One Market, Spear Street Tower, 32nd Floor
        San Francisco, CA 94105
        Telephone: (415) 901-8700
        Facsimile: (415) 901-8701

        Attorneys for Defendant and Counterclaimant
        EASTMAN KODAK COMPANY

                                      _____/s/Allison H. Goddard_____