1  J. Christopher Jaczko (149317)
   Allison H. Goddard (211098)
2  JACZKO GODDARD LLP
   4401 East Gate Mall
3  San Diego, CA  92121
   Telephone:    (858) 404-9205
4  Facsimile:    (858) 225-3500

5  Raymond P. Niro (*Pro Hac Vice*)
   Matthew G. McAndrews (*Pro Hac Vice*)
6  Frederick C. Laney (*Pro Hac Vice*)
   Dina M. Hayes (*Pro Hac Vice*)
7  NIRO, SCAVONE, HALLER & NIRO
   181 West Madison Street, Suite 4600
8  Chicago, Illinois  60602
   Telephone:    (312) 236-0733
9  Facsimile:    (312) 236-3137

10 Attorneys for Plaintiff
   DR SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation, </br></br>　　　　Plaintiff, </br></br> v. </br></br> EASTMAN KODAK COMPANY, a New Jersey Corporation </br></br>　　　　Defendant. | Case No.: 08 CV 00669 H (BLM) </br></br></br></br></br></br></br></br></br>**DR SYSTEMS, INC. MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM EASTMAN KODAK COMPANY** |
| EASTMAN KODAK COMPANY, </br></br>　　　　Counterclaimant, </br></br> v. </br></br> DR SYSTEMS, INC., </br></br>　　　　Counterclaim Defendant. | |

DR Systems, Inc. ("DR Systems") requests that Eastman Kodak Company ("Kodak") be compelled to produce documents and things regarding licenses to the Kodak '811 patent in suit; Kodak's medical imaging products; and the U.S. and foreign patent prosecution of application which claim priority to the Kodak '811 patent in suit. DR Systems also moves that Kodak be compelled to supplement its Responses and Objections to DR Systems First Set of Document Requests with a statement for each topic that responsive documents either no longer exist (i.e., have been destroyed) or are no longer in Kodak's custody, control or possession (i.e., transferred to Carestream Health with no opportunity to obtain access). This discovery is needed because it is directly relevant to the issues of invalidity and non-infringement by DR Systems of the Kodak '811 patent in suit, but also damages and laches. Moreover, Kodak's withholding of this basic discovery is highly prejudicial to DR Systems in defending itself against the patent infringement claims asserted by Kodak.

On August 15, 2008, the parties met and conferred in an attempt to resolve this dispute without burdening the Court, but were unable to do so.

I.     **INTRODUCTION/BACKGROUND**

As DR Systems understands Kodak's infringement contentions, Kodak alleges, albeit erroneously, that the '811 patent in suit covers DR Systems' medical imaging PACS systems. PACS systems (with varying bells and whistles) have been around since the 1990's. In fact, one of the accused DR Systems products, the Dominator, has been commercially available since 1993. Importantly, the Kodak '811 patent issued on May 9, 1995.

Prior to mid-2007, Kodak designed, developed, manufactured, offered for sale and sold medical imaging PACS systems which directly competed in the identical market as the accused DR systems accused products. On or about June 2007, Kodak apparently sold its medical imaging business to Carestream Health, Inc.[1] and now claims that it is no longer involved with the development and sale of PACS systems. However, a recent brochure indicates otherwise:

---

[1] DR Systems has repeatedly requested the Kodak/Carestream transaction documents (i.e, Asset Purchase Agreement, License, indemnification documents, correspondence, etc.) but despite Kodak's repeated promises to produce them, at the time of this filing has not. DR Systems has not specifically raised Kodak's

2

[Kodak Carestream PACS advertisement image: "Escalating volumes of diagnostic exams and images. Ongoing competition for referrals and professional staff. The need to deliver patient care more efficiently. Today, you need a way to efficiently **manage workflow** and link your information systems so that all patient data are readily available to authorized personnel—*anywhere, anytime*—independent of working location. Now KODAK CARESTREAM PACS equips you for these and other challenges with capabilities to manage diagnostic images and information, streamline reading and reporting, and quickly deliver images and reports to the point of patient care."]

(Exhibit A, page 2). In light of this publicly available information regarding the Kodak Carestream PACS portfolio (which are "licensed products" of Kodak) (Exhibit A at last page), the discrepancy between what Kodak has represented in this lawsuit and to the public is one which merits further investigation. Thus, DR Systems believes it is entitled to obtain documents and information regarding the licenses to the '811 patent, the prosecution of applications which claim priority to the '811 patent; and the medical imaging products designed, developed, manufactured, marketed, or sold (entirely or in-part) by Kodak.

DR Systems' additional request that Kodak's responses to DR Systems' separate categories be supplemented to articulate which documents no longer exist because they have been destroyed goes <u>directly</u> to the evidentiary prejudice inflicted on DR Systems as a result of Kodak's unreasonable and inexcusable almost thirteen year delay in asserting the '811 patent against DR Systems.

Kodak's document production thus far, in its entirety, includes the file history of the '811 patent in suit and its file history and a single prior art reference: 208 pages.

---

withholding of these documents in its present motion to compel based on Kodak's representations, and will timely seek the Court's assistance in obtaining this crucial discovery if production is not forthcoming.

## II. THE REQUESTED DISCOVERY IS WARRANTED PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

> The Federal Rules allow for broad discovery in civil actions: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence…
>
> The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  In turn, the opposing party has the burden of showing that discovery should not be allowed, and also has the burden of *clarifying, explaining and supporting its objections*.

Calderon v. US, 2008 U.S. Dist. Lexis 30735 *4-*5 (S.D. Cal. 2008)(*emphasis added*)(granting motion to compel discovery). See also, Kassab v. San Diego Police Department, 2008 U.S. Dist. Lexis 30733 *2 (S.D. Cal. 2008) ("Federal discovery rules 26 through 37 have been interpreted liberally to allow maximum discovery.  Accordingly, in federal cases, the burden of resisting discovery is on the opposing discovery.")

### A. Documents Related to the Licenses of the '811 Patent are Relevant to Damages

DR Systems' First Set of Request for Production includes the following specific requests:

> 22.   All documents and things relating to assignments, transfers, conveyances, licenses, offers to license, or granting of any interest in or of rights to, the '811 patent.

(Exhibit B).  Paragraphs 38, 44 and 49 seek additional information regarding licensees.

To date, Kodak has not produced a single document responsive to any of these topics. Despite the sworn testimony from Kenneth Parulski, co-inventor of the '811 patent, and Kodak employee with the title of Research Fellow who stated: "It's my understanding that it has been licensed, yes."

Kodak's response to DR Systems' request for supplementation has been a moving target. On August 14, 2008, Kodak's counsel indicated that "we have searched for and to date found no licenses referencing the '811 patent. We will complete our search at the end of this week." (Exhibit C).  The next day, during a meet and confer teleconference, Kodak's counsel indicated that a few licenses were found and would be produced "early" in the week of August 18th.  To date, no licenses

4

08cv00669 H (BLM)

have been produced.[2]  Recently, during the August 18, 2008 teleconference with the Court, Kodak indicated that many licenses that include the technology of the '811 patent exist, but Kodak will not produce them because the '811 patent is not specifically identified in the license (i.e., general licenses to digital imaging).  The title of the Kodak '811 patent asserted against DR Systems is, however, "Method and Apparatus For Controlling Rapid Display Of Multiple Images From a Digital Image Database," so general licenses for digital imaging technology are unquestionably relevant to the royalty Kodak seeks from DR Systems.

Importantly, Kodak's responses to DR Systems requests were due on July 14, 2008 after a two week extension requested by Kodak.  Kodak's delay in searching for and collecting clearly responsive documents is unsupported by any controlling law.

**B.     Documents Related to the Prosecution of Applications Within the '811 Patent Family are Relevant to Invalidity**

DR Systems' First Set of Request for Production also includes the following specific request:

> 14.    All documents and things that relate to the preparation, filing, prosecution, or maintenance of all patent applications, whether pending or abandoned, United States or foreign, issued to, assigned to or filed by or on behalf of Kodak that relate to or claim priority to the '811 patent, including but not limited to all predecessor and successor patents and applications.

(Exhibit B; see also Request No. 13).  In response to DR Systems' request, Kodak produced one portion of one file history.  DR Systems' own independent investigation verifies that there are six additional patents in at least five foreign countries for which there are prosecution materials (Exhibit D).  Eastman Kodak Company remains the listed assignee for these applications.  Despite DR Systems' repeated requests, Kodak has been unable or unwilling to locate the complete responsive

---

[2] Kodak's counsel sent a letter via email on August 22, 2008, the last day for DR Systems to file this Motion, stating that Kodak is sending a CD to DR Systems on August 22, 2008 that purportedly contains some license agreements.

file histories.[3]

Foreign and U.S. patent prosecution materials typically identify prior art references related to the claimed inventions of the pending application. These materials when identified in pending or abandoned applications are not publicly available or readily accessible to DR Systems. Clearly, any prior art raised in any patent application which claims priority to the Kodak '811 patent in suit and Kodak's responses thereto are relevant to claim construction and DR Systems' invalidity claims pending in the lawsuit. Moreover, to the extent any relevant prior art references were brought to the attention of Kodak (or Kodak's prosecution counsel) but not brought to the attention of USPTO during the prosecution of the '811 patent, that information must be discoverable so that DR Systems may develop any inequitable conduct claims.

Accordingly, all responsive documents regarding the U.S. and foreign prosecution of any application which relates to or claims priority to the '811 patent, including but not limited to all predecessor and successor patents and applications must be produced.

### C. All Documents Related To Any Medical Imaging Product Designed, Developed, Manufactured And/Or Sold By Kodak Prior To And After The Carestream Transaction Are Relevant And Should Be Produced

DR Systems' Requests Nos. 2, 3, 10, 21, 41 and 47 (Exhibit B) seek information related to the Kodak and Kodak/Carestream medical imaging products. It is DR Systems' position that, as Kodak has construed the claims of the '811 patent, Kodak's own medical imaging products must embody the alleged invention of the '811 patent. Kodak has the burden of proving that its own medical imaging products need not be marked with the '811 patent which would entitle Kodak to damages six years prior to the filing of the lawsuit. Without the technical information regarding the Kodak and Kodak/Carestream products, DR Systems is unable to challenge Kodak's self-serving

---

[3] To the extent Kodak argues that its patent prosecution documents are maintained by outside counsel – and no internal copies are kept within Eastman Kodak Company - DR Systems contends that such documents are in the "control" of Kodak.

6

08cv00669 H (BLM)

conclusion that their products need not be marked. Kodak's withholding of this information is improper and to the prejudice of DR Systems.

### i.    *Pre June 2007 documents*

As stated above, Kodak is and has been a major player in the medical imaging industry. Despite its recent (and conflicted) representation that it no longer is in the medical imaging business, documentation regarding Kodak's prior medical imaging products is relevant to the issues in this litigation. Specifically, technical, developmental, marketing, financial and source code information regarding Kodak's DirectView PACS products (or any other PACS product) manufactured and sold prior to 2007 that remains in the custody, control and possession of Kodak is relevant at least to the issues of marking, obviousness and damages before the Court.

Although Kodak has indicated that it will agree to some sort of stipulation that would make the marking issue moot, Kodak has refused to propose such a stipulation. Even in light of any stipulation, the fact that the '811 patent was embodied in a Kodak PACS device, the technical and developmental details of such embodiment (i.e. source code) and the marketing and financial information of such products are relevant to the obviousness secondary considerations upon which Kodak has already indicated it relied. For example, Kodak has expressly relied on the "commercial success" of the claimed invention of the '811 patent in PACS systems in its interrogatory responses to rebut DR Systems' claims of invalidity. (Exhibit E; Kodak Int. Rsp. No. 3). DR Systems has specifically requested these documents. (Exhibit B, ¶¶23-26).

There is more. During the August 18, 2008 teleconference with the Court, Kodak's counsel indicated that as a result of a "recent development" Kodak would produce any documents *that Kodak intends to rely on* in support of its commercial success argument, or any other non-obviousness response. In other words, Kodak is only willing to produce documents that support its claims. DR Systems would be highly prejudiced by Kodak's piece meal and "cherry-picking" document production which may or may not come sometime in the case. DR Systems respectfully requests that Kodak be prevented from such gamesmanship and produce *all* responsive documents regarding the Kodak PACS products, many of which must be retained for regulatory purposes due to the medical nature of the devices and presumably for Sarbanes-Oxley compliance.

### ii. *Post June 2007 documents*

DR Systems also requests that Kodak produce all documents regarding the Kodak Carestream PACS products. Clearly, the PACS products identified therein, which prominently bear the Kodak trademark, are "Kodak licensed products." A cursory review of the products identified in the Kodak Carestream PACS products appear to embody the same features of the '811 patent that Kodak claims are contained in the DR Systems' accused products. Any documents that Kodak maintains in conjunction with its license to Carestream for these medical imaging PACS products are relevant to claim construction and damages. Indeed, the amount of control Kodak exercises regarding the safety and quality of medical imaging products sold under its trademark is relevant and discoverable information.

On July 24, 2008 DR Systems served a subpoena on Carestream Healthcare, Inc. requesting documents related to its medical imaging devices, licenses from Kodak and the conception/reduction to practice or early development of any device that could embody the technology of the '811 patent obtained through the transaction with Kodak. (Ex. F) Carestream has objected to and refuses to produce any responsive documents. (Ex. G) DR Systems is currently proceeding with the procedural requirements to obtain this basic information from Carestream in Rochester, New York. Interestingly, however, DR Systems seriously questions the claimed separateness of Kodak and Carestream with respect to this litigation. Kodak is located at 343 State Street, Rochester, NY 14650, Caresteam occupies an old Kodak building at 150 Verona Street in Rochester, NY 14650 - - .3 miles around the corner. Kodak and Carestream are and have been represented by the same attorneys from Schiff Hardin <u>in this district</u>. (Exhibit H) And, Kodak and Carestream obviously work together with respect to the co-branded Kodak Carestream PACS products (Exhibit A).

Kodak should not be permitted to avoid relevant and necessary discovery by claiming that, because Carestream has that information, it is not within Kodak's "possession, custody, and control." This argument simply places form over substance. Given Kodak's close relationship with Carestream, including its *co-branding* with Carestream of these PACS products, it should be Kodak's burden, not DR Systems', to obtain relevant documents from Carestream.

**D.   Kodak's Supplementation of its Responses and Objections to DR Systems Requests for Documents is Warranted and Not Unduly Burdensome**

Kodak's Response to each one of DR Systems' request begins with a recitation of objections followed by the statement "Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search." (Exhibit B). Kodak's entire production of documents has consisted of 208 pages: the '811 patent in suit, its file history and U.S. Patent No. 5,021,989.

Due to the recent transaction between Kodak and Carestream, DR Systems made the reasonable request that Kodak supplement its responses for each request to identify which documents no longer exist and which ones are no longer in its custody, control or possession. DR Systems requested that Kodak identify which documents were transferred to Carestream in conjunction with the Asset Purchase of the medical imaging business. Kodak has refused.

The importance of the requested supplementation is twofold. First, DR Systems has alleged that Kodak's claim for damages on all accused products which were sold prior to the filing of this lawsuit April 14, 2008 be barred by the doctrine of laches. (Docket No. 13). To establish laches, a defendant need only show that: (1) the filing of suit was delayed for an unreasonable and inexcusable length of time; and (2) the delay operated to the prejudice or injury of the defendant. Id. at 1032; Wanlass v. General Electric, 148 F.3d 1334, 1337 (Fed. Cir. 1998). A legal presumption of laches arises when the plaintiff delayed filing suit for more than six years after plaintiff "learned or should have known" of the alleged infringer's activity. Aukerman, 960 F.2d at 1038. Importantly, the delay is calculated at the time the patentee knew or ***should have*** known about the now-alleged infringement. Wanlass, 145 F.3d 1461, 1466 (Fed. Cir. 1998) (patentee did have a duty to investigate a particular product if and when publicly available information about it should have led [patentee] to suspect that product of infringing.)

Kodak is and has been a major player in the medical imaging industry since the early 1990's. Kodak and DR Systems attend the same trade shows, compete for the same business and participate in research and commercial advancements to the medical imaging field. It would be preposterous to suggest that the two companies were unaware of each others products. Moreover, Kodak is well equipped with highly sophisticated in-house and outside legal counsel to assist in the

prosecution and enforcement of its patents against legitimate infringers through licensing and/or litigation. Thus, DR Systems intends to establish that Kodak should have known about DR Systems accused products over a decade ago. Therefore, confirmation of the destruction of Kodak's documents regarding the medical imaging industry from years ago is crucial to DR Systems' laches defense in proving the enormous evidentiary prejudice resulting from Kodak's unreasonable delay.

Secondly, Kodak states in its interrogatory responses that it first became aware of the DR Systems accused products during the prior lawsuit between DR Systems and Kodak regarding DR Systems' patents. Kodak was named as a defendant in that action on April 12, 2006 (Case No. 06cv417 Docket No. 10). Since the Kodak/Carestream transaction occurred sometime around June of 2007, then by reasonable account, Kodak was under the obligation pursuant to the Federal Rules of Civil Procedure to maintain all potentially relevant documents "in anticipation of the litigation" of the '811 patent against DR Systems. Therefore the need for DR Systems' requested supplementation as to the fate of Kodak's responsive documents, or lack thereof, is clear: 1) did Kodak destroy responsive documents prior to April 12, 2006; 2) did Kodak relinquish control of responsive documents to Carestream while under the obligation to maintain them; or 3) do responsive documents reside in the custody of Carestream with which Kodak has a license relationship and business partnership for medical imaging products?

DR Systems respectfully requests that Kodak be required to *clarify, explain and support its objections* to DR Systems document requests by category or request with a specific identification of their existence (or non-existence) and location. Fed.R.Civ.P. 34(a)(2)(B) ("Responding to Each Item." Such a request is in accordance with the Federal Rules of Civil Procedure and controlling law.

## III. CONCLUSION

For the reasons set forth above, DR Systems respectfully requests Kodak be compelled to produce documents and things regarding licenses to the Kodak '811 patent in suit; Kodak's medical imaging products (similar to the accused DR Systems medical imaging products); and the U.S. and foreign patent prosecution of application which claim priority to the Kodak '811 patent in suit. DR Systems also requests that Kodak be compelled to supplement its Responses and Objections to DR

Systems First Set of Document Requests with a statement or explanation of the location of responsive documents for each topic.

              Respectfully submitted,

             __/s/Dina M. Hayes_____
             Raymond P. Niro (*Pro Hac Vice*)
             Matthew G. McAndrews (*Pro Hac Vice*)
             Frederick C. Laney (*Pro Hac Vice*)
             Dina M. Hayes (*Pro Hac Vice*)
             NIRO, SCAVONE, HALLER & NIRO
             181 West Madison Street, Sujte 4600
             Chicago, Illinois  60602
             Telephone: (312) 236-0733
             Facsimile: (312) 236-3137

             J. Christopher Jaczko (149317)
             Allison H. Goddard (211098)
             JACZKO GODDARD LLP
             4401 East Gate Mall
             San Diego, CA  92121
             Telephone: (858) 404-9205
             Facsimile: (858) 225-3500

             Attorneys for Plaintiff
             DR SYSTEMS, INC.

## Certificate of Service

The undersigned hereby certifies that all below counsel of record who are deemed to have consented to electronic service were served the 22nd day of August, 2008, with a copy of the **DR SYSTEMS, INC. MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM EASTMAN KODAK COMPANY** via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

SCHIFF HARDIN LLP
Stephen M. Hankins (Cal. Bar No. 154886)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701
shankins@schiffhardin.com
wpschuck@shiffhardin.com

Attorneys for Defendant and Counterclaimant
EASTMAN KODAK COMPANY

   /s/Dina M. Hayes
Dina M. Hayes
Niro, Scavone, Haller & Niro