# Exhibit C

**Regalado, Angelica M**

**From:** Hayes, Dina M
**Sent:** Thursday, August 14, 2008 10:48 AM
**To:** Regalado, Angelica M
**Subject:** FW: DR v. Kodak

---

**From:** Hankins, Stephen M. [mailto:SHankins@schiffhardin.com]
**Sent:** Thursday, August 14, 2008 10:00 AM
**To:** Hayes, Dina M
**Subject:** RE: DR v. Kodak

Dina:
I write to respond to your email, give you an update, and correct a couple of your misstatements:

As to PhotoCD: We have told you we will search for what remains of the PhotoCD product documentation, despite the fact that this was not a requested topic in DR's numerous discovery requests. We should be able to produce additional documents early next week.

As to licenses to the '811: we have searched for and to date have found no licenses referencing the '811 patent. We will complete our search at the end of this week.

As to Kodak's now sold medical imaging product line, can you tell me the relevance that financial records pertaining to such products have in this case?

As to your request that we supplement our responses to DR's document requests to provide the descriptions of documents which may or may not have existed at any given point in time, we respond: (a) DR's document demands did not contain a request for such information; (b) even if they did, such a request is overbroad and burdensome, and (c) we are not aware of any obligation to provide the information in response to a document demand even if it was reasonably available to us. Are you aware of any such authority?

I am not aware of any reason for DR to withhold information such as source code, so please produce it immediately. We request it be provided to us in machine readable format. As to the remainder of DR's discovery responses, we continue to sift through the 200,000 pages, over 120,000 of which you just produced last week, and have the following concerns at this time:

- We have not found manuals or user guides to most of the releases of the accused products.
- A significant portion of the production appears unresponsive to any document request and irrelevant to any issue presented in this case.
- Many thousands of pages of the production are data appearing to pertain to sales volumes. The spreadsheets have been produced in bits and pieces, rather than in reasonably usable form or as ordinarily maintained, as required by the Federal Rules of Civil Procedure.
- Overall, DR's documents have not been produced as they are kept in the usual course of business or in response to particular requests. Rather, the documents have been produced in no discernible order, in violation of the Federal Rules.
- As stated above, DR has withheld source code from its production despite an agreed upon protective order now entered by the Court.

1

We need to schedule a call to discuss these concerns as well as the identity of any documents withheld by DR on the basis of any objection to Kodak's requests. Please let me know when you are free to discuss these issues Friday.

Thanks.

**Stephen M. Hankins**
Schiff Hardin LLP
One Market
Spear Tower, 32nd Floor
San Francisco, CA 94105
Email: shankins@schiffhardin.com
Phone: 415 901 8756
Facsimile: 415 901 8701


**From:** Hayes, Dina M [mailto:hayes@nshn.com]
**Sent:** Tuesday, August 12, 2008 10:29 AM
**To:** Hankins, Stephen M.; Patel, Sailesh K.
**Cc:** Laney, Frederick C; Satterfield, Sandy L; Allison Goddard
**Subject:** RE: DR v. Kodak
**Importance:** High

Steve:

The only remaining production from DR Systems at this time is the source code. Sal and I had agreed that each party would wait to produce their particularly sensitive confidential information until the protective order was entered. On Kodak's side, it would be the '811 licensing information and the documentation regarding the Carestream transaction. Let me know Kodak is prepared to make this exchange.

Regarding the topics to which I have corresponded with Sal at length, DR Systems is prepared to move the Court to compel Kodak to supplement its responses to DR Systems' document requests <u>for each topic</u> with a statement that either the documents were searched for and no longer exists <u>or</u> Kodak believes the documents exist but are no longer in its custody, control and/or possession due to the Carestream purchase. The topics directly relevant to the case at issue include Kodak's medical imaging products and the Kodak PhotoCD products. Particularly, Kodak's records (including financial records) regarding the Kodak medical imaging products sold by Kodak prior to the transaction with Carestream.

Moreover, Kodak has objected to all documents, etc. regarding the Kodak PhotoCD System products as irrelevant despite Mr. Parulski's testimony that the '811 patent was directed to a modification/improvement to that product (see for example, pages 45-46). DR Systems is entitled to any documentation on the Kodak PhotoCD products for claim construction. DR Systems is also entitled to all pending, abandoned (us and foreign) patent applications which claim priority to or are in the same family as the '811 patent. Kodak has objected to providing this information.

I have been trying to obtain this information since July 31, 2008 and Kodak has been unable to tell me if such documents exist but are objected to. Moreover, Kodak has been unable to provide me with a date when such documents would be produced. As Kodak's responses and production were due on July 14th – after a two week extension requested by Kodak – we believe this issue is ripe for the Court's attention.

I will ask our local to see when Magistrate Major's clerk is available to discuss the issues and we can set up our call a half hour or so prior to the Court's availability.

2

Dina

---

**From:** Hankins, Stephen M. [mailto:SHankins@schiffhardin.com]
**Sent:** Tuesday, August 12, 2008 11:55 AM
**To:** Hayes, Dina M; Patel, Sailesh K.
**Subject:** RE: DR v. Kodak

Dina
I am available to discuss this and other matters with you Friday afternoon. Until you have identified areas of dispute or the reasons the procedures in the Court's rules are inadequate, we are unaware of any reason to bother the Court.
As you saw, the Court issued the protective order today. Please let us know (1) what you have withheld from production based on the lack of a protective order and (2) when we can expect such withheld information.
We are in the process of reviewing the roughly 200,000 pages of documents that DR produced in this case. I would like to schedule a meet and confer call with you Friday afternoon to discuss DR's production. Please send me your available times.
Thank you.
Steve

---

**From:** Hayes, Dina M [mailto:hayes@nshn.com]
**Sent:** Monday, August 11, 2008 12:44 PM
**To:** Hankins, Stephen M.; Patel, Sailesh K.
**Cc:** Allison Goddard; Satterfield, Sandy L; Laney, Frederick C
**Subject:** DR v. Kodak

Counsel:

Please let me know when you are available this week to call Magistrate Judge Major's clerk so that we can set up a discovery briefing schedule regarding DR Systems' request for supplementation of Kodak's discovery responses.

Dina

------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
------------------------------------------------------------

3