# Exhibit E

SCHIFF HARDIN LLP
STEPHEN M. HANKINS (Cal. State Bar # 154886)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8700

Attorneys for Defendant and Counterclaimant
EASTMAN KODAK COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br><br>Defendant. | Case No. 08cv0669 H (BLM)<br><br>**EASTMAN KODAK COMPANY'S OBJECTIONS AND RESPONSES TO DR SYSTEMS' FIRST SET OF INTERROGATORIES (NOS. 1-16)** |
| EASTMAN KODAK COMPANY,<br><br>Counterclaimant,<br><br>v.<br><br>DR SYSTEMS, INC.,<br><br>Counterclaim Defendant. | |

## EASTMAN KODAK COMPANY'S OBJECTIONS AND RESPONSES TO DR SYSTEMS'

## FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Eastman Kodak Company ("Kodak"), by and through its undersigned attorneys of record in the above-entitled action, hereby provides its responses and objections to the first set of interrogatories propounded

by Plaintiff DR Systems Incorporated ("DR Systems").

**<u>GENERAL OBJECTIONS</u>**

The following general objections apply to each interrogatory and shall have the same force and effect as if set forth in full in response to each individually numbered interrogatory:

1. Kodak objects to each interrogatory to the extent it seeks information, or purports to impose duties or obligations, beyond the requirements of the Federal Rules of Civil Procedure.

2. Kodak objects to the interrogatories to the extent that they seek information not readily within the scope of Kodak's knowledge, possession, custody, or control. Kodak will search for information responsive to the interrogatories that is within its possession, custody or control in those places Kodak knows or reasonably expects such information to exist.

3. To the extent that any interrogatory can be construed as calling for information protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege, Kodak hereby asserts that doctrine or privilege and objects to the interrogatory on that basis. Kodak will not disclose such information. Any inadvertent disclosure of material protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection from discovery does not constitute a waiver, either generally or specifically, with respect to such material or the subject matter thereof.

4. To the extent that any interrogatory calls for the disclosure of confidential, proprietary business information, or information protected as a trade secret, such information will not be disclosed absent a suitable protective order responsive to its legitimate concerns.

5. To the extent that Kodak owes a duty of secrecy or confidentiality to a third party regarding information sought by any interrogatory, Kodak will comply with its obligations and duties and will not disclose that information absent agreement of such third parties or an appropriate Court order.

6. Kodak objects to the interrogatories to the extent they seek information that is readily accessible to Plaintiff or that may be obtained through a review of documents in the possession, custody, or control of Plaintiff. Kodak further objects to the interrogatories to the extent that the information sought to be discovered is more readily available through a review of

1  documents produced by Kodak and specifically reserves its right to produce business records in
2  lieu of answering the interrogatories as permitted by Fed. R. Civ. P. 33(d).

3      7.    Kodak objects to the interrogatories on the grounds that Kodak's investigation and
4  review of documents and things are ongoing.  This litigation is in its early stages, and Kodak has
5  responded with information as presently known.  Kodak will respond to each interrogatory to the
6  best of its present knowledge, but reserves the right to amend, supplement, and/or correct its
7  objections and responses if further information is obtained through investigation and/or
8  discovery.  Kodak reserves the right to rely on and use, before or during trial or other hearing, any
9  facts or documents which may be subsequently discovered or obtained as a result of such ongoing
10 discovery and investigation, or which may be adduced at trial.

11     8.    Kodak objects to Plaintiff's purported definitions and instructions to the extent that
12 they are inconsistent with the appropriate Federal Rules of Civil Procedure, including but not
13 limited to Rules 26, 33, and 34, and the Local Rules of the Court.  Kodak will rely on the Federal
14 Rules of Civil Procedure, the Local Rules, and governing case law with respect to the subject
15 definitions, instructions, interrogatories, and responses thereto.

16     9.    Kodak objects to the interrogatories to the extent that they are premature pursuant
17 to Patent Local Rule 2.5.

18     10.    Kodak objects to Plaintiff's definition of "Kodak" as overly broad and not
19 reasonably calculated to lead to the discovery of admissible evidence.  Kodak further objects to
20 Plaintiff's definition of "Kodak" to the extent that it calls for the disclosure of information
21 protected by the attorney-client privilege, attorney work product doctrine, or other applicable
22 privilege.

23 **RESPONSES TO INTERROGATORIES**

24 **INTERROGATORY NO. 1:**

25 For each asserted claim of the patent in suit, state the date and describe in detail the
26 circumstances on which the claimed inventions were: conceived; first reduced to practice; first
27 made; first publicly used; first demonstrated, first offered for sale; first sold; and first imported
28 into the United States; and identify by production number or other suitable designation documents

that corroborate or otherwise support each date and circumstance.

**RESPONSE TO INTERROGATORY NO. 1:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory as compound. Kodak further objects to this interrogatory to the extent that it seeks information not relevant to the claims or defenses at issue in this action. Kodak further objects to this interrogatory to the extent that it seeks information no longer within the knowledge, custody, control, or possession of Kodak. Kodak further objects to this interrogatory to the extent that it is duplicative of disclosures required by Patent Local Rule 3.1.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

The November 22, 1991 priority application filing date is evidence of conception and constructive reduction to practice of the subject matter set forth in the asserted claims of the patent-in-suit. Pursuant to Fed. R. Civ. P. 33(d), Kodak refers Plaintiff to its Disclosure of Asserted Claims and Preliminary Infringement Contentions, and Document Production Accompanying Disclosure, Section I. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to rely on an earlier date of conception as further information is obtained through investigation and/or discovery. Kodak further reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 2:**

Identify all products made, used, sold, offered for sale or imported by, for or under license from Kodak which was or is marked with the number of the patent in suit; and all products that are actually or allegedly covered by one or more claims of the patent in suit.

**RESPONSE TO INTERROGATORY NO. 2:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory as compound. Kodak further objects to this interrogatory on grounds that it is

1  overly broad and unduly burdensome.  Kodak further objects to this interrogatory on grounds that
2  it seeks information not relevant to the claims or defenses at issue in this action in that Kodak has
3  not asserted that any of its products embody one or more claims of the patent in suit.  Kodak
4  further objects to this interrogatory to the extent that it is duplicative of disclosures required by
5  Patent Local Rule 3-1.  Kodak further objects to this interrogatory to the extent that it seeks
6  information not within the knowledge, custody, control, or possession of Kodak.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

Kodak is not presently aware of any products marked with the number of the patent in suit.  Pursuant to Fed. R. Civ. P. 33(d), Kodak refers plaintiff to its Disclosure of Asserted Claims and Preliminary Infringement Contentions, and Document Production Accompanying Disclosure, Section I.  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 3:**

State and describe in detail Kodak's contention on the existence or absence of any objective evidence of non-obviousness with respect to any asserted claim of the patent in suit including, without limitation, commercial success of the claimed invention, long felt need for the claimed invention, prior failed attempts to make the claimed invention and copying of the claimed invention; and identify by production number or other suitable designation all documents or other information supporting such contention.

**RESPONSE TO INTERROGATORY NO. 3:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this interrogatory to the extent that it seeks information not within the knowledge, custody, control, or possession of Kodak.  Kodak further objects to this interrogatory to the extent that it is premature.  Kodak further objects to this interrogatory on grounds that the information requested is publicly available or is otherwise equally accessible to the requesting party.  Kodak further

objects to this interrogatory to the extent that it calls for a legal conclusion. Kodak further objects to this interrogatory to the extent that it calls for expert testimony.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

Objective evidence of non-obviousness of which Kodak is presently aware at this time includes the notice of allowability from the United States Patent and Trademark Office and subsequent issuance of the patent-in-suit. Kodak believes that the inventions of the '811 Patent have been widely copied in a number of industries including medical imaging. Kodak contends that this widespread copying and the commercial success of such products, such as DR Systems' infringing products, is objective evidence of nonobviousness. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 4:**

State the date on and circumstances under which Kodak first became aware of DR Systems' accused products and DR Systems' alleged infringement of the patent in suit.

**RESPONSE TO INTERROGATORY NO. 4:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory on the ground that it is compound. Kodak further objects to this interrogatory to the extent that it calls for a legal conclusion. Kodak further objects to this interrogatory to the extent that it calls for expert testimony. Kodak further objects to this interrogatory to the extent that it is premature in that it seeks discovery required by Patent Local Rule 3.1. Kodak further objects to this interrogatory on the grounds that it is duplicative of disclosures required by Patent Local Rule 3.1.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

To Kodak's knowledge, it first became aware of DR Systems' accused products during

the course of litigation between DR Systems and Kodak involving United States Patent No. 5,452,416 in the Southern District of California when information relating to such products was provided to it by Plaintiff. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 5:**

Identify each item of actual or potential prior art known to Kodak or its counsel (including physical devices, documents and the like) and, for each such item of prior art, provide the following:

a. when and under what circumstance Kodak first became aware of each such item;

b. the identity of all persons who identified or provided each such item to Kodak;

c. all communications, whether written or oral, relating to all such prior art;

d. an element-by-element application of each such item of prior art with each asserted claim of the '811 patent; and

e. the identity of persons with knowledge of each of the above and an identification of all documents that refer, relate to or comment upon the above.

**RESPONSE TO INTERROGATORY NO. 5:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory on grounds that it is overly broad and unduly burdensome. Kodak further objects to this interrogatory on grounds that the information requested is publicly available or is otherwise equally accessible to the requesting party. Kodak further objects to this interrogatory to the extent that it calls for a legal conclusion. Kodak further objects to this interrogatory to the extent that it calls for expert testimony. Kodak further objects to this interrogatory to the extent that it is premature under Patent Local Rule 2.5.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

The prior art presently known to Kodak includes all prior art cited in the patent-in-suit and

1 its file history. Kodak's discovery, investigation, and trial preparation are continuing. Kodak
2 reserves the right to amend and/or supplement its objections and responses as further information
3 is obtained through investigation and/or discovery.

4 **INTERROGATORY NO. 9:**

5 State what Kodak considers to be the relevant background, experience, training and level
6 of skill of a person of ordinary skill in the relevant art at the time the alleged inventions claimed
7 in the '811 patent were made and identify all documents that support such contentions.

8 **RESPONSE TO INTERROGATORY NO. 9:**

9 Kodak objects to this interrogatory to the extent it impermissibly seeks information
10 protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to
11 this interrogatory to the extent that it is premature in that it seeks information related to a party's
12 claim construction position and seeks expert testimony. Kodak further objects to this
13 interrogatory to the extent that it calls for expert testimony.

14 Subject to and without waiving the foregoing objections and General Objections, and
15 based on its present knowledge, Kodak responds as follows:

16 Kodak believes that art reflective of a person having ordinary skill in the art at the time at
17 which the inventions claimed in the '811 were made is included in the '811 patent and in its file
18 history. Kodak anticipates that it will supplement its answer to this interrogatory as additional
19 information becomes available to it, including information provided through expert testimony.
20 Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right
21 to amend and/or supplement its objections and responses as further information is obtained
22 through investigation and/or discovery.

23 **INTERROGATORY NO. 10:**

24 Provide the name and address of each witness (other than expert witnesses) that Kodak
25 may call as a witness at trial, and provide the substance of each witness's testimony; and identify
26 all documents upon which each such person relied or referred to in preparing to testify.

27 **RESPONSE TO INTERROGATORY NO. 10:**

28 Kodak objects to this interrogatory to the extent it impermissibly seeks information

1  protected by the attorney-client privilege and/or work-product doctrine. Kodak objects to this
2  interrogatory on the grounds that it is duplicative of previous disclosures. Kodak further objects
3  to this interrogatory to the extent that it is premature.

4  Subject to and without waiving the foregoing objections and General Objections, and
5  based on its present knowledge, Kodak responds as follows:

6  At this time, Kodak is aware of those persons previously included in its Rule 26(a)(1)
7  Initial Disclosures and it refers to Plaintiff to such disclosures. Kodak's discovery, investigation,
8  and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its
9  objections and responses as further information is obtained through investigation and/or
10 discovery.

11 **INTERROGATORY NO. 11:**

12 Identify all opinions of counsel or of any person employed by or associated with Kodak or
13 of any third parties, whether written or oral, concerning the validity, enforceability, scope or
14 infringement of the '811 patent.

15 **RESPONSE TO INTERROGATORY NO. 11:**

16 Kodak objects to this interrogatory to the extent it impermissibly seeks information
17 protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects on
18 the ground that this interrogatory is premature in that it seeks information that is the subject of
19 expert discovery. Kodak further objects on the ground that this interrogatory is premature and
20 duplicative in light of the Court's Case Management Conference Order Regulating Discovery and
21 Other Pretrial Proceedings in that it seeks opinion information. Kodak further objects to this
22 interrogatory on the ground that it is premature under Patent Local Rule 2.5. Kodak further
23 objects to this interrogatory to the extent that it is overly broad and unduly burdensome regarding
24 third parties. Kodak further objects to this interrogatory to the extent that it seeks information not
25 within the knowledge, custody, control, or possession of Kodak. Kodak reserves the right to
26 supplement its answer per the schedule in the Court's Case Management Conference Order
27 Regulating Discovery and Other Pretrial Proceedings.

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -    Case No. 08cv0669 H (BLM)
EASTMAN KODAK COMPANY'S OBJECTIONS AND RESPONSES TO DR SYSTEMS' FIRST SET OF INTERROGATORIES (NOS. 1-16)

**INTERROGATORY NO. 12:**

If Kodak contends that it is entitled to lost profits as a result of DR Systems' alleged infringement of the '811 patent, describe:

    a. each and every product upon which Kodak contends it lost profits;

    b. all facts relevant to Kodak's contention that there was or is a demand for each such product;

    c. all facts relevant to Kodak's contention that any alleged infringing sale by DR Systems resulted in a lost sale to Kodak;

    d. all facts relevant to whether Kodak had the marketing and manufacturing capability to meet or support the alleged demand;

    e. all facts relevant to Kodak's contention that acceptable non-infringing substitutes do not exist for each such product;

    f. a detailed compilation of Kodak's profits allegedly lost for each product as a result of DR Systems' alleged infringement of the '811 patent; and,

    g. identify all persons with knowledge of the above and identify all documents that refer, relate or comment upon the above.

**RESPONSE TO INTERROGATORY NO. 12:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory on the ground that it is compound. Kodak objects on the grounds that this interrogatory is premature. Kodak further objects to this interrogatory to the extent that it calls for expert testimony. Kodak reserves the right to supplement its answer per the schedule in the Court's Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings.

**INTERROGATORY NO. 13:**

State what Kodak contends is a reasonable royalty for products allegedly covered by any claim of the patent-in-suit, and for Kodak's contention:

    a. identify each factor recited in Georgia-Pacific Corp. v. United States Plywood Corp.,

1  318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) as well as any other factor, which Kodak contends are

2  (or would be) relevant to the determination of a reasonable royalty;

3  　　b. describe in detail the basis for Kodak's contention including an application of each

4  factor identified in subpart (a) above; and

5  　　c. identify all persons with knowledge of the above and identify all documents that refer,

6  relate or comment upon the above.

7  **RESPONSE TO INTERROGATORY NO. 13:**

8  　　Kodak objects to this interrogatory to the extent it impermissibly seeks information

9  protected by the attorney-client privilege and/or work-product doctrine.  Kodak further objects to

10  this interrogatory to the extent that it seeks information not within the knowledge, custody,

11  control, or possession of Kodak.  Kodak further objects to this interrogatory to the extent that it

12  calls for a legal conclusion.  Kodak further objects to this interrogatory to the extent that it calls

13  for expert testimony.  Kodak further objects on the grounds that this interrogatory is premature.

14  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

15  to supplement its answer per the schedule in the Court's Case Management Conference Order

16  Regulating Discovery and Other Pretrial Proceedings.

17  **INTERROGATORY NO. 14:**

18  　　Identify all persons who have (or are likely to have) personal knowledge of any fact

19  alleged in Kodak's Answer and Counterclaims, and state the subject matter of the personal

20  knowledge possessed by each person so identified.

21  **RESPONSE TO INTERROGATORY NO. 14:**

22  　　Kodak objects to this interrogatory to the extent it impermissibly seeks information

23  protected by the attorney-client privilege and/or work-product doctrine.  Kodak further objects to

24  this interrogatory on grounds that it is overly broad and unduly burdensome.  Kodak further

25  objects to this interrogatory to the extent that it seeks information not within the knowledge,

26  custody, control, or possession of Kodak.  Kodak further objects to this interrogatory to the extent

27  that it calls for a legal conclusion and/or expert testimony.

28  　　Subject to and without waiving the foregoing objections and General Objections, and

based on its present knowledge, Kodak responds as follows:

At this time, Kodak is aware of those persons previously included in its Rule 26(a)(1) Initial Disclosures and it refers to Plaintiff to such disclosures. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 15:**

Identify, by interrogatory, each and every person who was consulted or who provided any facts and/or information used or considered in preparing Kodak's response to that interrogatory, state the facts and/or information provided by each such person; identify, by interrogatory, any other persons who have knowledge of any one or more of the facts set forth in Kodak's response to that interrogatory; and identify all documents which refer or relate to the facts set forth in each such interrogatory response or which were reviewed in preparing such response.

**RESPONSE TO INTERROGATORY NO. 15:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this interrogatory as compound. Kodak further objects to this interrogatory on grounds that it is overly broad and unduly burdensome. Kodak further objects to this interrogatory to the extent that it seeks information not within the knowledge, custody, control, or possession of Kodak. Kodak further objects to this interrogatory to the extent that it seeks information not relevant to the claims or defenses at issue in this action.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

At this time, Kodak is aware of those persons previously included in its Rule 26(a)(1) Initial Disclosures and it refers to Plaintiff to such disclosures. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**INTERROGATORY NO. 16:**

Separately for each document produced by Kodak in this action, identify the individual from whose files that document was produced. If that document was not produced from the files of an individual, describe in as much detail as possible the files from which it was produced. Such description should include, but should not be limited to, the name (if any) of those files, an identification of the custodian of those files, and the address of the building that houses those files.

**RESPONSE TO INTERROGATORY NO. 16:**

Kodak objects to this interrogatory to the extent it impermissibly seeks information protected by the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this interrogatory on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this interrogatory to the extent that it seeks information not within the knowledge, custody, control, or possession of Kodak.  Kodak further objects to this interrogatory to the extent that it seeks information not relevant to the claims or defenses at issue in this action.

Subject to and without waiving the foregoing objections and General Objections, and based on its present knowledge, Kodak responds as follows:

See chart below.

| Document Description | Identification | Source |
| --- | --- | --- |
| '811 Patent File History | EK000001-EK000172 | United States Patent and Trademark Office |

Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

| | |
|---|---|
| 1  Dated: July 14, 2008 | SCHIFF HARDIN LLP |
| 2 | |
| 3 | By: /s/ Stephen M. Hankins |
| 4 | STEPHEN M. HANKINS<br>Attorneys for Defendant<br>EASTMAN KODAK COMPANY |

1  **VERIFICATION TO FOLLOW**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all below counsel of record were served the 14th day of July, 2008, with a copy of Eastman Kodak Company's Objections and Responses to DR Systems' First Set of Interrogatories (Nos. 1-16) via e-mail and U.S. Mail:

NIRO, SCAVONE, HALLER & NIRO
Matthew G. McAndrews
Dina M. Hayes
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

Attorneys for Plaintiff and Counterclaim Defendant
DR SYSTEMS, INC.

SCHIFF HARDIN LLP

By: /s/ Sony B. Barari
   SONY B. BARARI
   Attorneys for Defendant
   EASTMAN KODAK COMPANY