# Exhibit F

## Issued by the
# United States District Court
## Western District of New York

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation,<br><br>                       Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, a New Jersey Corporation<br>                       Defendant. | SUBPOENA IN A CIVIL CASE[1] 08 CV00669 H (BLM) |

To: CARESTREAM HEALTH INC
     150 Verona St
     Rochester, NY 14608 - 1733

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM: |
|---|---|
| | DATE AND TIME : |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See attached schedule B)

| PLACE OF DEPOSITION<br>    Rochester Airport Marriott<br>    1890 Ridge Road West<br>    Rochester, NY 14615 | DATE AND TIME: August 27, 2008  9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (See attached schedule A)

| PLACE :<br>    By FedEx to:<br>    Niro, Scavone, Haller & Niro<br>    181 W. Madison Suite 4600<br>    Chicago, IL 60602<br>    Attn: Nicholas M. Dudziak | DATE AND TIME:   August 6, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES: | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R.Civ.P. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE: |
|---|---|

---

[1] If action is pending in district other than district of issuance, state district under case number.

| | Attorney for Plaintiff | |
|---|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Nicholas M. Dudziak<br>181 W. Madison Suite 4600<br>Chicago, IL 60602<br>Telephone: 312-236-0733 | | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Fed. R. Civ. P., Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

Pursuant to Fed.R. Civ. P. 45, defendant DR SYSTEMS Inc., ("DR Systems") requests that Carestream Health, Inc. ("Carestream") produce the documents and things described in the following requests. DR Systems will examine the documents at the offices of a counsel designated by Carestream, or where the documents are maintained by Carestream, or at any other mutually agreeable location where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, DR Systems is not waiving its right to examine originals where necessary.

Where Carestream withholds documents for reasons of attorney-client privilege, work-product immunity or the like, DR Systems requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors; any recipients; the date; the basis for withholding; and a description of the document and its subject matter sufficient to allow DR Systems to contest the claim. DR Systems will accept confidential documents under a suitable protective order.

In cases where Carestream believes there is no responsive document, or where it is maintained for a different period or fiscal year, DR Systems asks that Carestream produce the best available documents from which the information sought by the request may be derived. (In the case of financial information, it is usually possible to derive the desired information if it is not already available).

These requests for production shall be deemed continuing so as to require the requested information as of the date of service of Carestream's answers thereto and also

Page 1 of 5

as to require prompt supplementation whenever the conditions of Rule 26(e) of the Federal Rules of Civil Procedure are met.

These requests are intended to seek documents and things as broadly as those words are defined by Fed.R.Civ.P. 34 and applicable case law. The following definitions are applicable to terms employed in these requests:

The term "person" refers to both natural persons and to corporate or other business entities (including Carestream), and the acts of a person (including Carestream) are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

The term "document" refers to all handwritten, typed, printed, recorded or graphic matter however produced or reproduced, whether copies or originals, in the possession, custody or control of the Carestream, its owners, employees or attorneys, including, but not limited to, letters, cables, wires, e-mail, voice mail, memoranda and interoffice communications; reports, notes, minutes and recordings, drawings, blueprints, sketches, charts, photographs and movies; patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; annual reports to shareholders or owners and minutes or reports or meetings of owners or directors or executive boards or committees; operating or maintenance manuals and specifications; advertising or promotional literature and press releases; engineering notebooks and data; and ledgers, bills, orders, invoices, receipts, books, records and files.

To "locate" documents means to state the present whereabouts of each document, and to identify the person having possession, custody or control thereof.

Page 2 of 5

The term "pertaining to" means relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, discussing, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

The term "relevant" means documents and other information which are relevant in the sense of Fed. R. Civ.P. 26 or Fed.R.Evid. 401-02;

The term "Carestream" refers to Carestream Health, Inc., all divisions, subsidiaries and entities that own or control or are owned or controlled by Carestream Health, Inc., including all affiliates, predecessors in interest and successors in interest.

The term "patent in suit" refers to United States Patent No. 5,414,811.

The term "Carestream Product(s)" means each medical product, software, apparatus, and/or system made by or on behalf of Carestream that allows the selection of an image data file, the display of the image data (i.e., image) from the image data file, and the subsequent manipulation of the displayed image via a user command.

## REQUESTED DOCUMENTS

1. All documents pertaining to the structure, function and operation of the Carestream Product(s) or any part thereof, made by, made on behalf of, or offered for sale by Carestream at any time.

2. All documents pertaining to the component parts used currently or in the past in the manufacture of the Carestream Product(s), by, or on behalf of, Carestream or any part thereof.

3. All documents pertaining to all sales of the Carestream Product(s) and the circumstances relating to the same, including the volumes, prices, and other terms of the sale, any documents relating to the sale, the date of the sale, the identity of the person or persons involved in buying and selling the Carestream Product(s), and the identity of the customer to whom the sale was made.

4. All documents pertaining to marketing and advertising by or on behalf of Carestream regarding the Carestream Product(s).

5. All documents pertaining to the conception and reduction to practice of the technology embodied in the Carestream Product(s).

6. All documents pertaining to the first sale, offer for sale, and/or public use or other disclosure (either verbally or in writing) of the Carestream Product(s).

7. All documents pertaining to Carestream's revenues received, costs incurred, and gross and net profits in connection with the sale of the Carestream Product(s) and Carestream's method of computing its gross and net profits.

8. All documents pertaining to Carestream's efforts to license the Carestream Product(s) and components thereof, and/or the technology embodied in the Carestream Product(s).

9. All documents pertaining to the compensation Carestream has received from and the terms of any license agreement relating to the Carestream Product(s) or any component thereof, and/or the technology embodied in the Carestream Product(s).

10. All documents pertaining to the patent in suit.

11. All documents pertaining to the Carestream products marked by the patent number of the patent in suit.

12. All documents pertaining to the acquisition of the Kodak Health Group by Carestream.

# SCHEDULE B – TOPICS FOR RULE 30(b)(6) WITNESS

PLEASE TAKE NOTICE, that DR Systems Inc., ("DR Systems") shall take the deposition upon oral examination of Carestream Health, Inc ("Carestream") pursuant to Rules 30(b)(6) and 45, Fed.R.Civ.P. at a mutually agreeable location, beginning on August 27, 2008 and continuing from day-to-day until completed. The deposition will be recorded stenographically and may be recorded videographically.

Pursuant to Rule 30(b)(6), Carestream is directed to designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below. Carestream is requested to identify the designee for each topic to DR Systems' counsel in writing at least five (5) days in advance of the Rule 30(b)(6) deposition.

Pursuant to Rule 45, Carestream is also requested to make all documents and things responsive to the topics below available for inspection and copying by August 6, 2008.

DR Systems, Inc. also hereby incorporates by reference all the definitions set forth in the Schedule A.

## TOPICS

1. Communications regarding the litigation between Eastman Kodak Company and DR Systems, including without limitation communication regarding the patent in suit.

2. Each document produced in response to Schedule A of DR Systems' subpoena.

3. All sales of the Carestream Product(s) and the circumstances relating to the same, including the volumes, prices, and other terms of the sale, any documents relating to the sale, the date of the sale, the identity of the person or persons involved in buying and selling the Carestream Product(s), and the identity of the customer to whom the sale was made.

4. Carestream's efforts to locate and produce documents responsive to DR Systems' subpoena.

5. The structure, function and operation of the Carestream Product(s) or any part thereof, made by, made on behalf of, or offered for sale by Carestream at any time.

6. The market for each Carestream Product(s) or any part thereof, made by, made on behalf of, or offered for sale by Carestream at any time.

7. Marketing and advertising by or on behalf of Carestream regarding the Carestream Product(s).

8. The conception and reduction to practice of the technology embodied in the Carestream Product(s).

9. The first sale, offer for sale, and/or public use or other disclosure (either verbally or in writing) of the Carestream Product(s).

10. Carestream's revenues received, costs incurred, and gross and net profits in connection with the sale of the Carestream Product(s) and Carestream's method of computing its gross and net profits.

11. Carestream's efforts to license the Carestream Product(s) and components thereof, and/or the technology embodied in the Carestream Product(s).

12. The compensation Carestream has received from and the terms of any license agreement relating to the Carestream Product(s) or any component thereof, and/or the technology embodied in the Carestream Product(s).

13. The Carestream products marked by the patent number of the patent in suit.

14. The acquisition of the Kodak Health Group by Carestream.