# Exhibit G

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS

181 WEST MADISON STREET - SUITE 4600

CHICAGO, ILLINOIS 60602-4635

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

LEE F. GROSSMAN
PAUL C. GIBBONS
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN
NICHOLAS M. DUDZIAK
LAURA A. KENNEALLY
TAHITI ARSULOWICZ

OF COUNSEL:
THOMAS G. SCAVONE

August 22, 2008

**Via: E-Mail**

Laura W. Smalley
CareStream Health, Inc.
99 Garnsey Road
Pittsford, New York 14534

Re: <u>DR Systems v. Kodak et al.</u>

Dear Laura:

    I write to memorialize our meet and confer on August 20 regarding the subpoena issued to Carestream in the above-identified matter. We discussed the documents requested and the basis for their relevance to the case between DR Systems and Kodak. You indicated that responding to the document requests was too burdensome for Carestream and that it would not produce any documents to DR Systems absent a Court Order. As I mentioned to you, Kodak indicated that all responsive documents are in the possession, custody and control of Carestream. To alleviate the burden on Carestream, I suggested that Carestream give Kodak access to the documents responsive to the subpoena. You indicated that Carestream is unwilling to do so. In light of this impasse, DR Systems intends to file with the Court a motion to compel Carestream's full compliance with the subpoena.

Yours,

Nicholas M. Dudziak

NMD/ar

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR SYSTEMS, INC., a California Corporation,

                Plaintiff,

v.

EASTMAN KODAK COMPANY, a New Jersey Corporation

                Defendant.

NON-PARTY CARESTREAM HEALTH, INC.'S OBJECTIONS TO PLAINTIFF DR SYSTEMS, INC.'S SUBPOENA

Index No. 08-CV-00669 H(BLM)

---

**TO PLAINTIFF DR SYSTEMS, INC. AND ITS COUNSEL OF RECORD:**

Non-Party Carestream Health, Inc. ("Carestream"), by and through its counsel, Harris Beach PLLC, hereby objects to the Subpoena issued in the above-entitled action by Plaintiff DR Systems, Inc. ("DR") on July 13, 2008 and served on Carestream on July 24, 2008 (with a date of document production of August 6, 2008), which seeks production of certain documents. Carestream intends to move to quash that portion of the subpoena seeking a Rule 30(b)(6) deposition. Carestream objects to the subpoena as follows:

### GENERAL OBJECTIONS

    1.    Carestream objects to the requests in the subpoena ("the Requests") to the extent they seek information greater than that Carestream is required to provide under the Federal Rules of Civil Procedure ("FCRP") and applicable case law.

    2.    Carestream objects to the Definitions to the Requests to the extent they unreasonably expand the scope of the Requests beyond that permitted by the FRCP.

    3.    Carestream objects to the Requests to the extent they cause unreasonable burden and expense.

4. Carestream objects to the Requests to the extent they seek information outside of its custody, possession and/or control.

5. Carestream objects to the Requests because they seek information in defendant Eastman Kodak Company's ("Kodak's") possession and/or control that may be obtained by DR through discovery in this action.

6. Carestream objects to the Requests to the extent they seek material protected by the attorney/client, work product or any other recognized privilege against disclosure.

7. Carestream objects to the Requests to the extent they seek material that is a trade secret, confidential or otherwise subject to a confidentiality obligation.

8. Carestream objects to the Requests because they violate the FRCP in that they fail to provide an adequate description of the requested documents.

9. Carestream objects to the Requests in that they seek information that is not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence in this action.

10. Carestream objects to the Requests in that they seek information that, upon information and belief, is not at issue in the underlying litigation and, to the extent that certain Requests may be deemed related to any issue in the underlying litigation, the information relevant to that issue is readily obtainable by DR via a search of public records and/or discovery in the underlying litigation.

## DOCUMENTS TO BE PRODUCED

Subject to and without waiving its General Objections, Carestream objects to the subpoena for business records as follows:

**REQUEST NO. 1:**

All documents pertaining to the structure, function and operation of the Carestream Product(s) or any part thereof, made by, made on behalf of, or offered for sale by Carestream at any time.

**RESPONSE:**

Carestream objects to this Request as overly broad. Further, DR has not shown that the requested agreements are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 2:**

All documents pertaining to the component parts used currently or in the past in the manufacture of the Carestream Product(s), by, or on behalf of, Carestream or any part thereof.

**RESPONSE:**

Carestream objects to this Request as overly broad. Further, DR has not shown that the requested agreements are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 3:**

All documents pertaining to all sales of the Carestream Product(s) and the circumstances relating to the same, including the volumes, prices, and other terms of the sale, any documents relating to the sale, the date of the sale, the identity of the person or persons involved in buying and selling the Carestream Product(s), and the identity of the customer to whom the sale was made.

**RESPONSE:**

Carestream objects to this Request as overly broad. Further, DR has not shown that the requested agreements are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 4:**

All documents pertaining to marketing and advertising by or on behalf of Carestream regarding the Carestream Product(s).

**RESPONSE:**

Carestream objects to this Request as overly broad. Further, DR has not shown that the requested agreements are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this

Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 5:**

All documents pertaining to the conception and reduction to practice of the technology embodied in the Carestream Product(s).

**RESPONSE:**

Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 6:**

All documents pertaining to the first sale, offer for sale, and/or public use or other disclosure (either verbally or in writing) of the Carestream Product(s).

**RESPONSE:**

Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or

HARRIS BEACH
ATTORNEYS AT LAW

other recognized privileges. Further, DR has not shown that the requested agreements are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 7:**

All documents pertaining to Carestream's revenues received, costs incurred, and gross and net profits in connection with the sale of the Carestream Product(s) and Carestream's method of computing its gross and net profits.

**RESPONSE:**

Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 8:**

All documents pertaining to Carestream's efforts to license the Carestream Product(s) and components thereof, and/or the technology embodied in the Carestream Product(s).

**RESPONSE:**

Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 9:**

All documents pertaining to the compensation Carestream has received from and the terms of any license agreement relating to the Carestream Product(s) or any component thereof, and/or the technology embodied in the Carestream Product(s).

**RESPONSE:**

Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to

the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 10:**

All documents pertaining to the patent in suit.

**RESPONSE:**

Carestream objects to this Request that, to the extent that it is a non-party to the underlying litigation, the Request is vague and not calculated to produce an understanding of the documents sought. Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 11:**

All documents pertaining to the Carestream products marked by the patent number of the patent in suit.

**RESPONSE:**

Carestream objects to this Request that, to the extent that it is a non-party to the underlying litigation, the Request is vague and not calculated to produce an understanding of the documents sought. Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

**REQUEST NO. 12:**

All documents pertaining to the acquisition of the Kodak Health Group by Carestream.

**RESPONSE:**

Carestream objects to this Request that, to the extent that it is a non-party to the underlying litigation, the Request is vague and not calculated to produce an understanding of the documents sought. Carestream objects to this Request as overly broad. Carestream also objects to this Request on the grounds that it may encompass communications that are confidential and/or subject to the attorney-

client privilege, the work product doctrine, trade secrets, confidential business information, and/or other recognized privileges. Further, DR has not shown that the requested documents are relevant to the issues in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Further, the Request imposes on Carestream an unjust and oppressive burden of searching extensive files. Moreover, upon information and belief, the Request calls for the creation of documents not currently in existence. Carestream also objects to this Request in that it limited neither to a specific time period nor in scope. For these reasons and the reasons outlined in its General Objections, Carestream declines to respond to this Request.

HARRIS BEACH PLLC

_____
Paul J. Yesawich, Esq.
Laura W. Smalley, Esq.
*Attorneys for Non-Party Carestream Health, Inc.*
99 Garnsey Road
Pittsford, New York 14534
(585) 419-8800

000509 1048635.2