SCHIFF HARDIN LLP
Stephen M. Hankins (Cal. Bar No. 154886)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:     (415) 901-8700
Facsimile:      (415) 901-8701
Email:          shankins@schiffhardin.com

Attorneys for Defendant and Counter-Claimant
EASTMAN KODAK COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California corporation, | Case No. 08 CV 0669 H BLM |
| Plaintiff, | **DEFENDANT AND COUNTER-CLAIMANT EASTMAN KODAK COMPANY'S OPPOSITION TO DR SYSTEMS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES** |
| v. | |
| EASTMAN KODAK COMPANY, a New Jersey corporation, | |
| Defendant. | |
| AND RELATED COUNTER-CLAIMS. | |

I.    **INTRODUCTION**

        Defendant and Counter-Claimant Eastman Kodak Company ("Kodak") submits this

opposition to the Motion of Plaintiff DR Systems, Inc. ("DR") to Compel Supplemental

Discovery Responses (Docket Entry No. 20) ("Plaintiff's Motion").

        Reduced to its essence, DR's motion seeks: (1) the production documents that have

already been produced; (2) the production of documents which will be produced once Kodak has

obtained the requisite consent of third-parties; and (3) the production of documents that either do

not exist or are no longer within Kodak's possession, custody or control. These facts were known

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    to DR prior to filing its motion.  In short, the motion is frivolous and should be denied in its

2    entirety.

3    **II.    STATEMENT OF FACTS**

4            This is a patent infringement case.  DR initiated this action on April 14, 2008, requesting a

5    declaration that Kodak's U.S. Patent No. 5,414,811 ("the '811 Patent") is invalid and not

6    infringed by DR, and following communications with Kodak relating to a license to the '811

7    Patent.  The '811 Patent claims methods and systems for retrieving and displaying digital images,

8    such as medical images.  Kodak responded to DR's complaint and filed a counterclaim seeking

9    damages and injunctive relief for the past and ongoing infringement of the '811 Patent by DR's

10   medical imaging products.

11           DR's set of requests for production of documents sought fifty-five categories of

12   documents.  Declaration of Stephen M. Hankins ("Hankins Dec."), Ex. A.  Kodak provided

13   timely its responses and objections.  Hankins Dec., Ex. B.[1]

14           The requests apparently at issue in this motion seek documents falling into three general

15   categories.  First, DR seeks documents relating generally, and without temporal restriction, to

16   Kodak's former medical imaging products, including but not limited to "technical,

17   developmental, marketing, financial and source code information."  Plaintiff's Motion, at 7.

18   Second, DR seeks documents relating to the licensing of the '811 Patent, including licenses

19   specifically indicating the '811 Patent, in addition to licenses relating broadly to Kodak's

20   significant portfolio of patents in the general area of digital imaging.  Third, DR seeks documents

21   relating to the prosecution of the applications related to or claiming priority to the '811 Patent,

22   specifically pending and abandoned applications and foreign filings.  DR has also insisted on

23   documents relating to Kodak's PhotoCD product line, which dates back to the 1990s.  PhotoCD

24   was a proprietary system for storing digital images on compact disks and is mentioned as such in

25   the '811 Patent.

26           During telephonic conferences with DR's counsel on August 15 and 18, 2008, counsel for

27

28

---

[1] DR insinuates that Kodak engaged in dilatory tactics by providing its responses when it did after a two-week extension – it bears noting that the extension was mutual benefiting DR in its responses to discovery requests as well as Kodak.  Hankins Dec., ¶ 5.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Kodak stated that documents pertaining to Kodak's former medical imaging product line have

2   been transferred to a separate company, Carestream Health, Inc. ("Carestream") and are no longer

3   in Kodak's possession, custody or control.  Hankins Dec., ¶ 2.  Carestream is a separate and

4   distinct company from Kodak, following a $2.3 billion transaction in 2007.  Hankins Dec., Ex. C.

5   DR was well-acquainted with the Carestream entity, having subpoenaed many of the same

6   documents from Carestream that DR requested from Kodak.  Plaintiff's Motion, Ex. F.  During

7   the August 18 teleconference with DR and this Court's clerk, DR acknowledged its subpoena to

8   Carestream and stated that it would rather not move to compel production under it.  Hankins Dec.,

9   ¶ 2 .  Apparently, on the same day DR filed its motion to compel, it changed course, writing that

10  it would move to compel Carestream's compliance.  Plaintiff's Motion, Ex. G.

11      Also, during the August 18 conference, Kodak's counsel informed DR's counsel that

12  Kodak agreed to produce whatever documents remained at Kodak relating to the product line,

13  recognizing that such documents may be relevant to the commercial success of the claimed

14  invention.  Kodak also informed DR during that call that Kodak had already produced all

15  documents in its possession relating to pending and abandoned patent applications.  Kodak also

16  confirmed in that call – as well as in the call on August 15 – that it had produced all non-

17  privileged documentation it had discovered on the prosecution of the '811 patent or related

18  foreign patents.  Hankins Dec., ¶ 2.

19      On August 21, before DR filed this motion, counsel for Kodak confirmed with counsel for

20  DR that documents were in transit to the Chicago offices of DR's counsel via Federal Express.[2]

21  Kodak's correspondence notified DR that the production included documents regarding the

22  former PhotoCD product line dating from the 1990s and the agreement whereby Kodak

23  transferred its medical imaging business to Carestream.[3]  DR was therefore given the

---

[2] *See* Hankins Dec., Ex. D.  DR incorrectly asserts that such notice was received on the last day for DR to file this motion.  *See* Plaintiff's Motion, at 5, fn. 2.  This statement ignores the fact that DR insisted on proceeding with this motion despite Kodak's assurances of production on August 15 and 18 as well as August 21.

[3] The production included the agreements entitling Carestream to use the Kodak trademark on its medical imaging products for a limited time.  DR has complained that the use of the word "Kodak" on a promotional brochure indicates Kodak's control or access to Carestream's documents.  Not only is DR's assertion incorrect, but DR was informed on several occasions prior to the filing of this motion as to the fallacy of that assertion.  DR has wasted the resources of the Court and the parties in continuing to needlessly press this issue.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   documentation sufficient to demonstrate to DR that the medical imaging documents DR now

2   seeks were transferred to Carestream and are no longer within Kodak's possession, custody, or

3   control.

4       Kodak's August 21 correspondence also explained that all licenses referencing the '811

5   Patent will be produced upon receipt of written approval from the licensees to allow the

6   production, a step required by the terms of the licenses.  Hankins Dec., ¶ 3.  Kodak requested in

7   its August 21 letter for DR to identify any remaining issues that DR contended were in dispute.

8   Hankins Dec., Ex. D.  Instead of a response from DR, this Motion followed.

9   **III.    ARGUMENT**

10      **A.    DR Systems Failed to Properly Meet and Confer Prior to Filing this Motion.**

11      If the above statement of facts establishes nothing else, DR filed this motion prematurely

12  and failed to adequately meet and confer in good faith with Kodak on the issues presented in it, as

13  required by Fed. R. Civ. Proc. 37(a)(2)(A) and Southern District of California Civil Rule 26.1(a).

14      Kodak informed DR that it no longer has possession, custody, or control over, or even

15  access to, the documents relating to Kodak's former medical imaging product line.  Kodak has

16  produced transactional documents relating to the transfer of the medical imaging business to

17  Carestream, an independent business entity over which Kodak has no control.  DR disregarded

18  Kodak's statements on this issue and proceeded to file its motion and brief the Court as to

19  Kodak's purported access to Carestream's documents.  By ignoring Kodak's representations as to

20  its lack of control of or access to Carestream's documents and pushing ahead with its Motion, DR

21  failed to meet and confer in good faith.

22      Likewise, prior to the filing of this motion, Kodak had informed DR that Kodak had

23  already provided all of the documents in its possession, custody or control with respect to pending

24  and abandoned applications related to the '811 Patent.  Again ignoring Kodak's statements, DR

25  insisted on filing this motion.  Such conduct does not comply with the requirement that DR meet

26  and confer in good faith.

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**B.     The Documents Regarding Kodak's Former Medical Imaging Products Are Now in the Possession, Custody and Control of Carestream, a Separate and Independent Entity from Kodak.**

Without any legal support whatsoever, DR requests this Court to compel Kodak to produce documents relating generally to Kodak's former medical imaging product line that are no longer in its possession, custody or control and that have been transferred, hook, line and sinker, to Carestream.  Meanwhile, DR has issued a Rule 45 subpoena to Carestream to get the same documents and notified Carestream it will move to compel its production of many of the same documents.

Kodak has already agreed to produce whatever documents it still has that relate to the line of products – to date it has discovered none, but it is searching archives for financial records that might pertain to such sales.  DR's motion completely mischaracterizes the statements of Kodak's counsel during the August 15 teleconference and reiterated in later correspondence.  Hankins Dec., ¶ 2.

DR makes a misguided effort to justify this motion by pointing to a single Carestream promotional brochure, asserting that a "discrepancy" exists between "what Kodak has represented in this lawsuit and to the public."  Plaintiff's Motion, at 3.  There is no such discrepancy.  As DR acknowledges even in its motion, Carestream is entitled to use the Kodak brand name for a limited time on the medical imaging products of the transferred business. *Id.* at 8.  Prior to the filing of this motion, DR was made aware of the fact that the Kodak-Carestream transactional documents were on their way to DR's counsel.  Those transactional materials set forth Carestream's limited right to display the Kodak brand name on medical imaging products.

DR also argues that the physical proximity of the Kodak and Carestream facilities in Rochester, New York calls into question the "claimed separateness" of the two entities.  Plaintiff's Motion, at 8.  Obviously, this argument borders on frivolity.  As DR itself seems to recognize by subpoenaing and threatening a motion to compel against Carestream, Carestream, not Kodak, is the proper addressee for DR's demands as to Carestream documents.

C.    <u>Kodak is Not Capable of Narrating the Fates for Documents It No Longer Has, Nor Does Rule 34 Require Any Such Narration.</u>

DR further urges this Court to compel Kodak to supplement its responses to DR's document requests to include a history as to every potentially responsive document that Kodak did not produce because it no longer exists. Plaintiff's Motion, at 9. The request is nonsensical. Not surprisingly, no legal support is provided.

DR begins its argument with a false statement: asserting, incorrectly, that Kodak has refused to identify which documents were transferred to Carestream. Plaintiff's Motion, at 9. Kodak has repeatedly informed DR that any and all documents relating to the medical imaging business that was transferred to Carestream went to Carestream.

Even if Kodak were somehow able to supplement its responses to explain the fate of all of the documents requested within the fifty-five categories, DR points to no authority requiring a responding party to make such a disclosure in response to a Rule 34 request. No such obligation is imposed upon a producing party.

Further, DR's stated bases for the importance of this supplementation are unpersuasive. First, DR asserts that it must know whether Kodak destroyed documents regarding the medical imaging industry, in connection with its laches defense.[4] Kodak has already informed DR that such documents were transferred to Carestream, not "destroyed." Indeed, Kodak's counsel has *never* indicated that any documents were destroyed.

Second, DR blithely asserts that Kodak was under an obligation to maintain documents pertaining to the entire medical imaging industry in anticipation of this litigation, based on Kodak's being sued by DR in 2006 on an unrelated patent owned by DR. Plaintiff's Motion, at 10. The prior lawsuit referenced by DR was initiated by DR against multiple companies and was resolved by Kodak and DR in February 2007. It is worth noting that over one year later it was

---

[4] DR's rationale for the relevance of industry documentation to its laches defense is tenuous. DR apparently contends that Kodak should have known of its claim against DR because "Kodak and DR Systems attended the same trade shows, compete for the same business and participate in research and commercial advancements in the medical imaging field." Plaintiff's Motion, at 9. DR does not explain how documents regarding the medical imaging industry in general relate to the narrow issue of whether *Kodak* knew or should have known of its claim against DR, the relevant issue for a laches inquiry. *See, e.g., Aukerman v. Chaides*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc).

EASTMAN KODAK COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL                     - 6 -                     CASE NO. 08 CV 0669 H BLM
SUPPLEMENTAL DISCOVERY RESPONSES

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   DR, not Kodak, that initiated the declaratory judgment action following efforts by the parties to

2   agree on a license to the '811 Patent.  *See* DR Systems' Complaint, Docket Entry No. 1, at ¶ 7.  It

3   is also worth noting that the filing date of this case is April 2008, nearly a year after the June 2007

4   transfer of Kodak's medical imaging business to Carestream.  Based on these facts, DR cannot

5   show that Kodak was under any obligation to maintain the broad category of documents "relating

6   to" the medical imaging product line that was transferred to Carestream.

7
8           **D.      Kodak Has Agreed to Produce Licenses that Reference the '811 Patent – Any
                       Other Licenses are Irrelevant and Are Requested By DR Solely to Harass.**

9           Again, prior to filing this motion, DR was informed that the requested patent licenses to

10  the '811 Patent will be produced upon receipt of the written approval of the licensees, as required

11  by the terms of those licenses.[5]  Kodak has never objected to producing '811-specific licenses

12  despite their minimal probative value.  DR has nevertheless chosen to waste the Court's time by

13  pressing this non-issue.

14          DR has provided no support for its request for licenses that are silent as to the '811 Patent.

15  In fact, patent licenses that relate broadly to digital imaging technology without mentioning the

16  '811 Patent provide no relevant evidence on any issue.  DR points only to the title of the '811

17  Patent as indicative of the relevance of "general licenses for digital imaging technology."

18  Plaintiff's Motion, at 5.  There is no basis for such a conclusion.  Moreover, production of those

19  licenses would serve only to impose an unnecessary and fruitless burden on Kodak and its

20  licensees, whose approval for the disclosure of those agreements to DR would likely be required.

21  This request appears motivated solely by an intent to harass Kodak and should be rejected

22  outright.

23
24          **E.      Kodak Has Already Produced All Documents in its Possession Relating to
                       Pending and Abandoned Applications.**

25          The final category of documents at issue in this motion include patent prosecution file

26  wrappers, and pending and abandoned applications within the family of or claiming priority to the

27  ───────────────
28  [5] Even these licenses are of limited relevance.  Those licenses included a portfolio of over twenty Kodak patents
    including, but not limited to, the '811 Patent; they also include a cross-license of the licensee's patents, and therefore
    present no relevant evidence of the license value of the '811 Patent.

EASTMAN KODAK COMPANY'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL                   - 7 -                    CASE NO. 08 CV 0669 H BLM
SUPPLEMENTAL DISCOVERY RESPONSES

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

'811 Patent.

During the meet and confer process, Kodak informed DR that it has already produced all the documents within its possession, custody, or control with respect to pending and abandoned applications.  There is no basis whatsoever for DR to press on with its motion as to this issue.

It is unclear whether DR's motion seeks publicly-available materials such as foreign file histories.  DR's motion concedes that those materials are available on the internet, and that DR found those materials upon its own investigation.  Plaintiff's Motion, at 5.  In response to DR's requests, Kodak produced all file history documents within its possession, custody or control.  Apart from those documents, the remaining file histories were as available to DR as they were to Kodak – by going to public sources and acquiring them.  Surely, Rule 34 does not require a producing party to cull from public records and produce documents that are as available to the producing party as to the requesting party.  This request as well is frivolous.

## IV.   **CONCLUSION**

For all of the foregoing reasons, DR's motion to compel is baseless and must be rejected in its entirety.

Dated: August 29, 2008                              Respectfully submitted,

Schiff Hardin LLP


By: /s/ Stephen M. Hankins
        Stephen M. Hankins
        Attorneys for Defendant and Counter-
        Claimant Eastman Kodak Company

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Schiff Hardin LLP
Attorneys at Law
San Francisco

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service were served the 29th day of August, 2008, with a copy of Eastman Kodak Company's Opposition to Plaintiff's Motion to Compel Supplemental Discovery Responses via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.


Dated:  August 29, 2008                    Respectfully submitted,

                                           Schiff Hardin LLP


                                           By:  /s/ Stephen M. Hankins
                                               Stephen M. Hankins
                                               Attorneys for Defendant and
                                               Counterclaimant Eastman Kodak Company