SCHIFF HARDIN LLP
Stephen M. Hankins (Cal. Bar No. 154886)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:  (415) 901-8700
Facsimile:  (415) 901-8701
Email:  shankins@schiffhardin.com

Attorneys for Defendant and Counter-Claimant
EASTMAN KODAK COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, a New Jersey corporation,<br><br>Defendant.<br><br>AND RELATED COUNTER-CLAIMS. | Case No.  08 CV 0669 H BLM<br><br>**DECLARATION OF STEPHEN M. HANKINS IN SUPPORT OF DEFENDANT AND COUNTER-CLAIMANT EASTMAN KODAK COMPANY'S OPPOSITION TO PLAINTIFF DR SYSTEMS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES** |

1       I, Stephen M. Hankins, declare as follows:

2       1.      I have personal knowledge of the following matters and, if called to do so, could testify competently thereto. I am a partner of the law firm of Schiff Hardin LLP, counsel for Defendant and Counterclaimant Eastman Kodak Company ("Kodak") in this action. I am licensed and admitted to practice before this Court and the courts of the state of California.

6       2.      On August 18, 2008, at the request of counsel for Plaintiff DR Systems, Inc. ("DR"), a telephonic conference was conducted. Counsel for the parties and the clerk of this Court, Luke Faden, participated. Kodak's counsel informed DR's counsel that Kodak agreed to produce whatever documents remained at Kodak relating to the product line, recognizing that such documents may be relevant to the commercial success of the claimed invention. Kodak informed DR during that call that Kodak had already produced all documents in its possession relating to pending and abandoned patent applications. Kodak also confirmed on that call – as well as on an August 15 call between counsel for the parties – that it had produced all non-privileged documentation it had discovered on the prosecution of the patent-in-suit or related foreign patents. Counsel for Kodak further advised that documents relating to Kodak's former PhotoCD line of products would be produced. Counsel for Kodak also informed DR's counsel during both calls of the transfer of Kodak's former medical imaging business and Kodak's resultant lack of possession, custody or control of the documents relating to the medical imaging business or products. During the conference, DR's counsel acknowledged that it had issued a subpoena upon Carestream Health, Inc. and stated that it would rather not move to compel production under it.

22      3.      Kodak's licenses referencing the patent-in-suit that we have discovered require written approval of the licensees prior to their disclosure. We have requested such approval and as of the date of this declaration, we await the requisite written approval of the licensees.

25      4.      The categories of documents at issue include documents dating back to the 1990s. Consequently, finding and identifying responsive documents is made more difficult and time-consuming, and such documents are being produced promptly upon receipt by Kodak's counsel.

28      5.      In electronic correspondence dated June 30, 2008, counsel for the parties agreed to

DECLARATION OF STEPHEN M. HANKINS IN
SUPPORT OF EASTMAN KODAK COMPANY'S                   - 2 -                   CASE NO. 08 CV 0669 H BLM
OPPOSITION TO DR SYSTEMS' MOTION TO COMPEL

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  a mutual two-week extension for the parties' respective discovery responses.

2        6.     Attached hereto as Exhibit A is a true and correct copy of DR Systems' First Set of
3  Requests for Production to Eastman Kodak Company (Nos. 1-55).

4        7.     Attached hereto as Exhibit B is a true and correct copy of Eastman Kodak
5  Company's Objections and Responses to DR Systems' First Set of Requests for Production (Nos.
6  1-55).

7        8.     Attached hereto as Exhibit C is a true and correct copy of a press release obtained
8  from the internet, dated January 30, 2007, describing the sale of Kodak's medical imaging
9  business, which became a separate and independent business entity called Carestream Health, Inc.

10       9.     Attached hereto as Exhibit D is a true and correct copy of correspondence from
11 counsel for Kodak to DR's counsel, dated August 21, 2008.

12 I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct.

14 Executed this 29th day August, 2008, in San Francisco, California.

17       /s/ Stephen M. Hankins
18       Stephen M. Hankins

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF STEPHEN M. HANKINS IN
SUPPORT OF EASTMAN KODAK COMPANY'S     - 3 -    CASE NO. 08 CV 0669 H BLM
OPPOSITION TO DR SYSTEMS' MOTION TO COMPEL

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service were served the 29th day of August, 2008, with a copy of this document and the attached exhibits via the Court's CM/ECF system. I certify that all parties in this case that have made an appearance to date are represented by counsel who are CM/ECF participants.

Dated: August 29, 2008

Respectfully submitted,

Schiff Hardin LLP

By: /s/ Stephen M. Hankins
Stephen M. Hankins
Attorneys for Defendant and
Counterclaimant Eastman Kodak Company