J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 East Gate Mall
San Diego, CA  92121
Telephone:     (858) 550-6150
Facsimile:      (858) 225-3500

Raymond P. Niro (*Pro Hac Vice*)
Matthew G. McAndrews (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Dina M. Hayes (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Sujte 4600
Chicago, Illinois  60602
Telephone:     (312) 236-0733
Facsimile:      (312) 236-3137

Attorneys for Plaintiff
DR SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR SYSTEMS, INC., a California Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, a New Jersey Corporation<br><br>  Defendant.<br><br>EASTMAN KODAK COMPANY,<br><br>  Counterclaimant,<br><br>v.<br><br>DR SYSTEMS, INC.,<br><br>  Counterclaim Defendant. | Case No.: 08 CV 00669 H (BLM)<br><br>**DR SYSTEMS' FIRST SET OF REQUESTS FOR PRODUCTION TO EASTMAN KODAK COMPANY (NOS. 1-55)** |

1

DR Systems, Inc. ("DR Systems"), through and by counsel, requests that Eastman Kodak Company ("Kodak") produce the documents and things described in the following requests for production within 30 days of service, pursuant to Fed.R.Civ.P. 34. DR Systems will examine the documents at the offices of its counsel, or where the documents are maintained by Kodak, or at any other mutually agreeable location where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, DR Systems is not waiving its right to examine originals where necessary.

Where Kodak withholds documents for reasons of attorney-client privilege, work-product immunity or the like, DR Systems requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors; any recipients; the date; the basis for withholding; and a description of the document and its subject matter sufficient to allow DR Systems to contest the claim. DR Systems will accept confidential documents under a suitable protective order.

In cases where Kodak believes there is no responsive document, or where it is maintained for a different period or fiscal year, DR Systems asks that Kodak produce the best available documents from which the information sought by the request may be derived.

These requests for production shall be deemed continuing so as to require the requested information as of the date of service of Kodak's answers thereto and also as to require prompt supplementation whenever the conditions of Federal Rule of Civil Procedure 26(e) are met.

**DEFINITIONS**

1. The terms "Kodak," "you," and "your" shall mean the Defendant Eastman Kodak Company, as well as its parents, subsidiaries, affiliates, predecessors, agents and attorneys, and each person acting or purporting to act on its behalf or under their control.

2. The terms "'811 patent" or "patent in suit" refers to United States Patent No. 5,414,811, issued on May 9, 1995 and entitled "Method and Apparatus for Controlling Rapid Display of Multiple Images From a Digital Image Database."

3. "Document(s)," as used herein, refers to the broadest definition of document under the Federal Rules, e.g., anything which would be a "writing" or "recording" as defined in Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation every original (and every copy of any original or copy which differs in any way from any original because of notations thereon or attachments thereto or otherwise) of every writing or recording of every kind of description, whether handwritten, typed, drawn, printed or recorded by any physical, mechanical, electronic or electrical means, including electronic data compilations.

4. "Thing(s)" means any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

5. "Electronic data compilations" means information stored in computer memory, magnetic tapes, discs or any other computer data storage area from which such information can be read and be translated to usable form with the use of detection devices.

6. To "identify" or "locate" documents and things means to provide a brief description of each document or thing sufficient to support a request for production, including at least the type of document or thing, date, identification of the author, as well as identification of each person who presently has custody of the document or thing and of any copy thereof.

7. The terms "person" or "persons" refers to both natural persons and to corporate, governmental or other business entities and the acts of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

8. To "identify" a person means to state the person's name and business address and telephone number and, additionally, in the case of a natural person, home address, employer, present occupation, job title and telephone number.

9. The term "prior art" includes by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and in each subdivision of 35 U.S.C. § 102.

10. The terms "and," "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

11. The term "relevant" means documents and other information which are relevant in the sense of Fed.R.Civ.P. 26 or Fed.R.Evid. 401-02; or which Kodak intends to use to support its counterclaims, allegations or defenses; or which tend to prove or disprove any allegations or defenses of DR Systems.

12. The terms "relate to," "relating to" or "related to" mean relevant to, referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, evidencing, showing, describing, reflecting, analyzing and/or constituting.

13. The terms "infringe," "infringes," or "infringed" refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement and inducement to infringe.

14. The term "Accused Products" means the DR Systems Medical Imaging Products, including the DR Systems Dominator, Catapult and Vitrea products lines that have been accused of infringement in this suit and components thereof.

**REQUESTS FOR PRODUCTION**

DR Systems requests production of all documents and things relevant or otherwise relating to the following:

1. All documents and things relating to the '811 patent.

2. All documents and things relating to the subject matter shown, described, or claimed in the '811 patent.

3. All documents and things relating to the conception, reduction to practice, design, development, manufacture, use, marketing and sale of the embodiments or subject matter shown, described, or claimed in the '811 patent including, but not limited to, product specifications, manufacturing specifications, data books, laboratory notebooks, drawings, schematics and design diagrams.

4. All documents that refer or relate to a decision or plan to design, develop, produce, introduce and market any product that Kodak contended or contends is covered by any claim of the '811 patent, including, but not limited to, any marketing plans, forecasts or projections, business plans, presentations, engineering specifications, and engineering project plans.

5. All documents and things supporting Kodak's allegations that DR Systems has infringed the '811 patent.

6. Specimens of each product embodying the subject matter shown, described, or claimed in the '811 patent including, without limitation, products on which the '811 patent was or is marked, products licensed under the '811 patent and products that Kodak contended or contends are covered by any claim of the '811 patent.

7. Documents sufficient to identify the names, titles, and current employers of all persons having responsibility for the conception, design, development, manufacture, use, marketing and sale of the subject matter shown, described, or claimed in the '811 patent.

8. All documents and things relating to any and/or all advertising, business plans, marketing plans or efforts, promotional programs or strategies on the part of Kodak, or on its behalf, concerning any proposed or actual products shown, described, or claimed in the '811 patent.

9. All price lists, product literature, advertisements and sales, marketing, promotional or advertising material relating to any product that Kodak contended or contends are covered by any

claim of the '811 patent.

10. All documents and things relating to the date on which any product embodying the subject matter shown, described or claimed in the '811 patent was first made, used, offered for sale, sold and/or imported.

11. All documents and things that relate to disclosures, offers to sell and sale of the subject matter shown, described or claimed in the '811 patent prior to their respective filing dates.

12. All documents and things that relate to the preparation, filing, prosecution, or maintenance of the '811 patent.

13. All patents and patent applications, whether pending or abandoned, United States or foreign, issued to, assigned to or filed by or on behalf of Kodak that relate to or claim priority to the '811 patent, including but not limited to, all predecessor and successor patents and applications.

14. All documents and things that relate to the preparation, filing, prosecution, or maintenance of all patent applications, whether pending or abandoned, United States or foreign, issued to, assigned to or filed by or on behalf of Kodak that relate to or claim priority to the '811 patent, including but not limited to all predecessor and successor patents and applications.

15. All documents and things that in any way tend to refute or support Kodak's contention that the subject matter shown, described, or claimed in the '811 patent is patentable.

16. All documents and things that in any way tend to refute or support Kodak's contention that claims of the '811 patent are valid and enforceable.

17. All documents and things relating to the meaning and/or scope of the claims of the '811 patent.

18. All prior art to the subject matter shown, described, or claimed in the '811 patent.

19. All documents and things relating to any and/or all searches or investigations ever conducted by or for Kodak to locate prior art relating to the patentability of the subject matter shown, described, or claimed in the '811 patent and/or the validity and enforceability of the claims

of the '811 patent.

20. All documents and things that relate to any and/or all studies, analyses, or opinions concerning the patentability of the subject matter shown, described, or claimed in the '811 patent, and/or to the validity and enforceability of the claims of the '811 patent.

21. All patents or documents, including printed publications, that show the state of the art relative to the subject matter shown, described, or claimed in the '811 patent.

22. All documents and things relating to assignments, transfers, conveyances, licenses, offers to license, or granting of any interest in or of rights to, the '811 patent.

23. All documents and things relating to any alleged long-felt need for the subject matter shown, described, or claimed in the '811 patent.

24. All documents and things relating to any and/or all attempts by persons other than Kodak to solve any problems that were allegedly solved by the subject matter shown, described, or claimed in the '811 patent.

25. All documents and things relating to the alleged commercial success of the subject matter shown, described, or claimed in the '811 patent.

26. All documents and things relating to any nexus between alleged commercial success and the patented features of the subject matter claimed in the '811 patent.

27. All documents which evidence the ordinary level of skill in the art for the subject matter shown, described, or claimed in the '811 patent.

28. All documents and things relating to DR Systems, Inc. and/or any products made, used, offered for sale, sold or imported by or on behalf DR Systems including, without limitation, the Accused Products.

29. All documents that constitute, refer or relate to any comparison between any medical imaging product made, used, imported into the United States, offered for sale or sold by or for DR System and any medical imaging product made, used, offered for sale or sold by or for Kodak.

7

30. All documents and things relating to Kodak's first knowledge or awareness of products (including, without limitation the Accused Products) that allegedly infringe the '811 patent.

31. All documents and things relating to any products (including, without limitation, the accused products) that Kodak contends have infringed or currently infringe the '811 patent.

32. All documents and things relating to any and/or all analyses, evaluations, tests, studies or investigations of product that Kodak believed or believes is covered by any claim of the '811 patent.

33. All documents and things relating to litigation or possible litigation with any and/or all third parties regarding the '811 patent.

34. All court filings and pleadings from all previous lawsuits relating to the '811 patent.

35. All documents and things that relate to or otherwise evidence the damages that Kodak contends should be awarded as a result of alleged infringement of the claims of the '811 patent.

36. Documents and things sufficient to show total monthly and annual sales in units and dollars, unit prices, and unit costs of all products, systems or components allegedly made pursuant to the subject matter shown, described, or claimed in the '811 patent.

37. Documents and things sufficient to show the monthly and annual net and gross profits for products, systems, or components allegedly made pursuant to the subject matter shown, described, or claimed in the '811 patent.

38. Documents and things sufficient to identify all of Kodak's past and existing purchasers, distributors, or licensees of all products, systems, or components allegedly made pursuant to the subject matter shown, described, or claimed in the '811 patent.

39. All documents and things relating to sales or profit projections, forecasts, or estimates for all products, systems, or components allegedly made pursuant to the subject matter shown, described, or claimed in the '811 patent.

40. All business plans, strategic plans, periodic budgets, forecasts, projections and long-

term financial plans and/or management reports relating to the sales and profitability of any product that Kodak contended or contends are covered by any claim of the '811 patent.

41. Documents sufficient to identify Kodak's past, current, or anticipated market share in the United States for medical imaging products.

42. All documents and things relating to Kodak's efforts or the efforts of Kodak's licensee(s) to increase market share for its products covered by the technology of the '811 patent.

43. All documents and things relating or evidencing a demand or lack thereof for products shown, described, or claimed in the '811 patent.

44. All documents and things relating to the amount of royalties or other payments received by Kodak relating to the sale or license of all products shown, described, or claimed in the '811 patent.

45. All documents and things relating to returns of, complaints, dissatisfaction, negative comments, unfavorable opinions or suggestions for improvement of products shown, described, or claimed in the '811 patent.

46. All documents referring or relating to the marketability of any product that Kodak contended or contends are covered by any claim of the '811 patent including, but not limited to, any sales projections, consumer surveys, marketing studies, marketing plans, outside consultant surveys, interviews, focus group notes, reports and sales training materials.

47. Documents sufficient to identify any trade show, convention or fair wherein Kodak's medical imaging products were displayed or marketed.

48. All documents and things relating to Kodak's marking of or efforts to mark the '811 patent on products shown, described, or claimed in the '811 patent.

49. All documents and things relating to Kodak's licensees' marking of or efforts to mark the '811 patent on products shown described, or claimed in the '811 patent.

50. All documents and things that constitute, relate, or refer to Kodak's policies,

practices, or procedures currently in place or previously in effect with respect to the retention or destruction of documents and electronic information.

51.  Documents and things sufficient to show Kodak's organizational structure, including but not limited to all organization charts.

52.  All documents and things identified by Kodak's in its answers to DR Systems' interrogatories, or reviewed, referred to, or relied upon by Kodak in preparing its responses to said interrogatories.

53.  All documents and things reviewed, referred to, or relied upon by Kodak in support of the allegations in its Answer and Counterclaims.

54.  All documents and things identified by subject matter in Kodak's Rule 26(a)(1), Fed.R.Civ.P. disclosures.

55.  All Kodak annual reports, required financial filings, and other financial statements, including, but not limited to, statements of operations, balance sheets, statements of change in retained earnings and notes thereto, whether prepared for internal or external purposes, for the years 2000 to present.

Dated: May 29, 2008

                                   Respectfully submitted,

                                   /s/Dina M. Hayes_____
                                   Raymond P. Niro (*Pro Hac Vice*)
                                   Matthew G. McAndrews (*Pro Hac Vice*)
                                   Frederick C. Laney (*Pro Hac Vice*)
                                   Dina M. Hayes (*Pro Hac Vice*)
                                   NIRO, SCAVONE, HALLER & NIRO
                                   181 West Madison Street, Sujte 4600
                                   Chicago, Illinois  60602
                                   Telephone:     (312) 236-0733
                                   Facsimile:      (312) 236-3137

J.  Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 East Gate Mall
San Diego, CA  92121
Telephone:    (858) 550-6150
Facsimile:    (858) 225-3500

Attorneys for Plaintiff
DR SYSTEMS, INC.

**Certificate of Service**

The undersigned hereby certifies that all below counsel of record were served the 29th day of May, 2008, with a copy of **DR SYSTEMS' FIRST SET OF REQUESTS FOR PRODUCTION TO EASTMAN KODAK COMPANY (NOS. 1-55)** via electronic email means:

>SCHIFF HARDIN LLP
>Stephen M. Hankins (Cal. Bar No. 154886)
>One Market, Spear Street Tower, 32nd Floor
>San Francisco, CA 94105
>Telephone: (415) 901-8700
>Facsimile: (415) 901-8701
>shankins@schiffhardin.com
>
>
>Attorneys for Defendant and Counterclaimant
>EASTMAN KODAK COMPANY

_____/s/Dina M. Hayes_____
Dina M. Hayes
Niro, Scavone, Haller & Niro