1   SCHIFF HARDIN LLP
    STEPHEN M. HANKINS (Cal. State Bar # 154886)
2   One Market, Spear Street Tower
    Thirty-Second Floor
3   San Francisco, CA 94105
    Telephone:     (415) 901-8700
4   Facsimile:     (415) 901-8700

5   Attorneys for Defendant and Counterclaimant
    EASTMAN KODAK COMPANY

6

7

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  DR SYSTEMS, INC., a California          Case No. 08cv0669 H (BLM)
    Corporation
12                                          EASTMAN KODAK COMPANY'S
               Plaintiff,                   OBJECTIONS AND RESPONSES TO DR
13                                          SYSTEMS' FIRST SET OF REQUESTS
         v.                                 FOR PRODUCTION (NOS. 1-55)
14
    EASTMAN KODAK COMPANY,
15
               Defendant.
16
    EASTMAN KODAK COMPANY,
17
18             Counterclaimant,

19  v.

20  DR SYSTEMS, INC.,

21
               Counterclaim Defendant.
22

23                    **GENERAL OBJECTIONS**

24      1.      The following general objections apply to each document request and shall have

25  the same force and effect as if set forth in full in response to each individually numbered request.

26      2.      Kodak objects to each and every document request to the extent it seeks

27  documents, or purports to impose duties or obligations on Kodak, beyond those required by the

28

1    Federal Rules of Civil Procedure.

2        3.    Kodak objects to Plaintiff's requests to the extent that they seek documents not

3    readily within the scope of Kodak's knowledge, possession, custody, or control.  Kodak will

4    search for documents responsive to the requests in those places within its custody or control

5    where it knows or reasonably expects such documents to exist.

6        4.    To the extent that any document request may be construed as calling for the

7    identification or production of documents protected from disclosure under the attorney-client

8    privilege, work-product doctrine, or any other applicable privilege, Kodak hereby asserts that

9    doctrine or privilege and objects to the document request on that basis.  Kodak will not disclose

10   such information.  Any inadvertent disclosure of material protected by the attorney-client

11   privilege, the attorney work product doctrine or any other applicable privilege or protection from

12   discovery does not constitute a waiver, either generally or specifically, with respect to such

13   material or the subject matter thereof, nor is any such inadvertent disclosure intended to be, nor

14   shall it constitute, a waiver of the right to object to any use of such document, or the information

15   contained therein.

16       5.    To the extent that any document request calls for the disclosure of confidential,

17   proprietary business information, or information protected as a trade secret, such information will

18   not be disclosed absent a suitable protective order responsive to its legitimate concerns.

19       6.    Kodak objects to the document requests to the extent that it would be required to

20   violate any agreement with any third party in order to produce documents in response to the

21   requests.

22       7.    Except for the facts explicitly admitted and documents specifically referenced

23   herein, no admission of any nature whatsoever is to be implied or inferred.  The fact that any

24   request herein has been answered should not be taken as an admission, or a concession or

25   evidence as to the truth of any facts set forth in the request.

26       8.    Kodak's agreement to produce documents responsive to any document request

27   does not constitute an admission or acknowledgement that any such documents actually exist.

28       9.    Kodak objects to the requests to the extent that they seek information or

1    documents already accessible to or within the possession, custody or control of Plaintiff.

2         10.    Kodak objects to the requests on the grounds that Kodak's investigation and

3    review of documents and things are ongoing.  This litigation is in its early stages, and Kodak has

4    responded with information as presently known.  Kodak will respond to each request to the best

5    of its present knowledge, but reserves the right to amend, supplement, and/or correct its

6    objections and responses if further information is obtained through investigation and/or

7    discovery.  Kodak reserves the right to rely on and use, before or during trial or other hearing, any

8    facts or documents which may be subsequently discovered or obtained as a result of such ongoing

9    discovery and investigation, or which may be adduced at trial.

10        11.    Kodak objects to Plaintiff's definitions and instructions to the extent that they are

11   inconsistent with the appropriate Federal Rules of Civil Procedure and the Local Rules of this

12   Court.  Kodak will rely on the Federal Rules of Civil Procedure, the Local Rules, and governing

13   case law with respect to the subject definitions, instructions, document requests, and responses

14   thereto.

15        11.    Kodak objects to Plaintiff's definition of "Kodak" as overly broad and not

16   reasonably calculated to lead to the discovery of admissible evidence.  Kodak further objects to

17   Plaintiff's definition of "Kodak" to the extent that it seeks the production of documents protected

18   by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

19   **REQUEST FOR PRODUCTION NO. 1:**

20        All documents and things relating to the '811 patent.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

22        Kodak objects to this request to the extent it impermissibly seeks production protected by

23   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

24   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

25   to the extent that the production requested is equally accessible to the requesting party.  Kodak

26   further objects to this request to the extent that it seeks production not within the custody, control,

27   or possession of Kodak.  Kodak further objects to this request to the extent that it is duplicative of

28   disclosures required by Patent Local Rule 3-2 and the Court's Case Management Conference

1    Order Regulating Discovery and Other Pretrial Procedures.

2        Subject to and without waiving these objections and the foregoing General Objections,

3    Kodak will produce, or has produced, responsive and non-privileged documents identified after a

4    reasonable search.

5    **REQUEST FOR PRODUCTION NO. 2:**

6        All documents and things relating to the subject matter shown, described, or claimed in

7    the '811 patent.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9        Kodak objects to this request to the extent it impermissibly seeks production protected by

10   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

11   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

12   to the extent that the production requested is equally accessible to the requesting party. Kodak

13   further objects to this request to the extent that it seeks production not within the custody, control,

14   or possession of Kodak.  Kodak further objects to this request to the extent that it is duplicative of

15   disclosures required by Patent Local Rule 3-2 and the Court's Case Management Conference

16   Order Regulating Discovery and Other Pretrial Procedures.  Kodak further objects to this request

17   on the ground that it is duplicative of other interrogatories, including Interrogatory No. 1.  Kodak

18   further objects to this request to the extent that it is premature and calls for speculation on the

19   construction of the scope and meaning of the '811 claim terms.  Kodak further objects to this

20   request on the ground that it is vague and ambiguous, especially with regard to the phrase

21   "subject matter shown, described."

22       Subject to and without waiving these objections and the foregoing General Objections,

23   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

24   reasonable search.

25   **REQUEST FOR PRODUCTION NO. 3:**

26       All documents and things relating to the conception, reduction to practice, design,

27   development, manufacture, use, marketing and sale of the embodiments or subject matter shown,

28   described, or claimed in the '811 patent including, but not limited to, product specifications,

1  manufacturing specifications, data books, laboratory notebooks, drawings, schematics and design

2  diagrams.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

4      Kodak objects to this request to the extent it impermissibly seeks production protected by

5  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

6  on the grounds that it is compound.  Kodak further objects to this request on grounds that it is

7  overly broad and unduly burdensome.  Kodak further objects to this request to the extent that it

8  seeks production no longer within the custody, control, or possession of Kodak.  Kodak further

9  objects to this request on the grounds that it is duplicative of disclosures required by Patent Local

10  Rule 3-2 and the Court's Case Management Conference Order Regulating Discovery and Other

11  Pretrial Procedures.  Kodak further objects on the grounds of relevance because Kodak has not

12  indicated that it intends to rely upon embodiments of the '811 Patent.  Pursuant to Fed. R. Civ. P.

13  33(d), Kodak refers Plaintiff to its Disclosure of Asserted Claims and Preliminary Infringement

14  Contentions, and Document Production Accompanying Disclosure, Section I.  Kodak further

15  objects on the ground that this request is duplicative of other Requests, including Request for

16  Production No. 1.  Kodak further objects to this request on the ground that it is vague and

17  ambiguous, especially with regard to the phrase "subject matter shown, described."

18      Subject to and without waiving these objections and the foregoing General Objections,

19  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

20  reasonable search.

21  **REQUEST FOR PRODUCTION NO. 4:**

22      All documents that refer or relate to a decision or plan to design, develop, produce,

23  introduce and market any product that Kodak contended or contends is covered by any claim of

24  the '811 patent, including, but not limited to, any marketing plans, forecasts or projections,

25  business plans, presentations, engineering specifications, and engineering project plans.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27      Kodak objects to this request to the extent it impermissibly seeks production protected by

28  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

1    on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

2    to the extent that it seeks production not within the custody, control, or possession of Kodak.

3    Kodak further objects to this request to the extent that it seeks production not relevant to the

4    claims or defenses at issue in this action in that Kodak has not asserted that any of its products

5    embody one or more claims of the patent in suit.  Kodak further objects on the ground that this

6    request is duplicative of other Requests.  Kodak further objects to this request on the grounds that

7    it is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case

8    Management Conference Order Regulating Discovery and Other Pretrial Procedures.

9         Subject to and without waiving these objections and the foregoing General Objections,

10   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

11   reasonable search.

12   **REQUEST FOR PRODUCTION NO. 5:**

13        All documents and things supporting Kodak's allegations that DR Systems has infringed

14   the '811 patent.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16        Kodak objects to this request to the extent it impermissibly seeks production protected by

17   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

18   on ground that it is overly broad in that, among other things, it requests documents equally if not

19   more available to Plaintiff and documents in Plaintiff's possession, custody or control.  Kodak

20   further objects to this request to the extent that it seeks production not within the custody, control,

21   or possession of Kodak.  Kodak further objects to this request to the extent that it is duplicative of

22   disclosures required by the Patent Local Rules, in particular Pat. L.R. 3.1, and the Court's Case

23   Management Conference Order Regulating Discovery and Other Pretrial Procedures.  Kodak

24   objects on the grounds that this request is premature to the extent that it seeks information relating

25   to Kodak's final infringement contentions.

26        Subject to and without waiving these objections and the foregoing General Objections,

27   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

28   reasonable search.  Pursuant to Fed. R. Civ. P. 33(d), Kodak further refers plaintiff to its

Disclosure of Asserted Claims and Preliminary Infringement Contentions, and Document Production Accompanying Disclosure. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**REQUEST FOR PRODUCTION NO. 6:**

Specimens of each product embodying the subject matter shown, described, or claimed in the '811 patent including, without limitation, products on which the '811 patent was or is marked, products licensed under the '811 patent and products that Kodak contended or contends are covered by any claim of the '811 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request on grounds that it seeks to impose obligations greater than those imposed by the Federal Rules of Civil Procedure. Kodak further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to this request to the extent that it seeks production not relevant to the claims or defenses at issue in this action in that Kodak has not asserted that any of its products embody one or more claims of the patent in suit. Kodak further objects to this request on the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter shown, described."

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify the names, titles, and current employers of all persons having responsibility for the conception, design, development, manufacture, use, marketing and sale of the subject matter shown, described, or claimed in the '811 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

1   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

2   to the extent that it seeks production not within the custody, control, or possession of Kodak.

3   Kodak further objects to this request on the grounds that it is duplicative of disclosures required

4   by Patent Local Rule 3-2 and the Court's Case Management Conference Order Regulating

5   Discovery and Other Pretrial Procedures.  Kodak further objects on the ground that this request is

6   duplicative of other Requests and Interrogatories.  Kodak further objects to this request on the

7   ground that it is vague and ambiguous, especially with regard to the phrase "subject matter

8   shown, described."

9          Subject to and without waiving these objections and the foregoing General Objections,

10  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

11  reasonable search.

12  **REQUEST FOR PRODUCTION NO. 8:**

13         All documents and things relating to any and/or all advertising, business plans, marketing

14  plans or efforts, promotional programs or strategies on the part of Kodak, or on its behalf,

15  concerning any proposed or actual products shown, described, or claimed in the '811 patent.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17         Kodak objects to this request to the extent it impermissibly seeks production protected by

18  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

19  on grounds that it is overly broad and unduly burdensome.  Kodak further objects that this request

20  is not reasonably calculated to lead to the discovery of admissible evidence.  Kodak further

21  objects to this request to the extent that it seeks production not within the custody, control, or

22  possession of Kodak.  Kodak further objects to this request to the extent that it seeks production

23  not relevant to the claims or defenses at issue in this action in that Kodak has not asserted that any

24  of its products embody one or more claims of the patent in suit.  Kodak further objects on the

25  ground that this request is duplicative of other Requests.  Kodak further objects to this request on

26  the ground that it is vague and ambiguous, especially with regard to the phrase "any proposed or

27  actual products shown, described."

28         Subject to and without waiving these objections and the foregoing General Objections,

1  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

2  reasonable search.

3  **REQUEST FOR PRODUCTION NO. 9:**

4      All price lists, product literature, advertisements and sales, marketing, promotional or

5  advertising material relating to any product that Kodak contended or contends are covered by any

6  claim of the '811 patent.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8      Kodak objects to this request to the extent it impermissibly seeks production protected by

9  the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

10  on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

11  to the extent that it seeks production not within the custody, control, or possession of Kodak.

12  Kodak further objects to this request to the extent that it seeks production not relevant to the

13  claims or defenses at issue in this action in that Kodak has not asserted that any of its products

14  embody one or more claims of the patent in suit. Kodak further objects to this request on the

15  ground that it is vague and ambiguous, especially with regard to the phrases "any product" and

16  "covered by."

17      Subject to and without waiving these objections and the foregoing General Objections,

18  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

19  reasonable search.

20  **REQUEST FOR PRODUCTION NO. 10:**

21      All documents and things relating to the date on which any product embodying the subject

22  matter shown, described or claimed in the '811 patent was first made, used, offered for sale, sold

23  and/or imported.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25      Kodak objects to this request to the extent it impermissibly seeks production protected by

26  the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

27  on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

28  on the ground that it is ambiguous, especially with regard to the term "any product." Kodak

1  further objects to this request to the extent that it seeks production not within the custody, control,

2  or possession of Kodak.  Kodak further objects to this request to the extent that the term "only

3  product" encompasses DR's products; documents and things related to DR's products are more

4  accessible to Plaintiff than Kodak. Kodak further objects to this request on the grounds that it is

5  duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case Management

6  Conference Order Regulating Discovery and Other Pretrial Procedures.  Kodak further objects on

7  the ground that this request is duplicative of other Requests.  Kodak further objects to this request

8  on the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter

9  shown, described."

10      Subject to and without waiving these objections and the foregoing General Objections,

11  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

12  reasonable search.

13  **REQUEST FOR PRODUCTION NO. 11:**

14      All documents and things that relate to disclosures, offers to sell and sale of the subject

15  matter shown, described or claimed in the '811 patent prior to their respective filing dates.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17      Kodak objects to this request to the extent it impermissibly seeks production protected by

18  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

19  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

20  on the ground that it is compound.  Kodak further objects to this request to the extent that it seeks

21  production not within the custody, control, or possession of Kodak.  Kodak further objects to this

22  request on the grounds that it is duplicative of disclosures required by Patent Local Rule 3-2 and

23  the Court's Case Management Conference Order Regulating Discovery and Other Pretrial

24  Procedures.  Kodak further objects to this request on the ground that it is vague and ambiguous,

25  especially with regard to the terms "disclosures" and "subject matter shown, described."  Kodak

26  further objects on the ground that this request is duplicative of other Requests.

27      Subject to and without waiving these objections and the foregoing General Objections,

28  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

1   reasonable search.

2   **REQUEST FOR PRODUCTION NO. 12:**

3       All documents and things that relate to the preparation, filing, prosecution, or maintenance

4   of the '811 patent.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6       Kodak objects to this request to the extent it impermissibly seeks production protected by

7   the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

8   on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

9   to the extent that it seeks production not within the custody, control, or possession of Kodak.

10  Kodak further objects to this request to the extent that the production requested is publicly

11  available and equally accessible to the requesting party. Kodak further objects to this request on

12  the grounds that it is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's

13  Case Management Conference Order Regulating Discovery and Other Pretrial Procedures.

14  Kodak further objects on the ground that this request is duplicative of other Requests.

15      Subject to and without waiving these objections and the foregoing General Objections,

16  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

17  reasonable search.

18  **REQUEST FOR PRODUCTION NO. 13:**

19      All patents and patent applications, whether pending or abandoned, United States or

20  foreign, issued to, assigned to or filed by or on behalf of Kodak that relate to or claim priority to

21  the '811 patent, including but not limited to, all predecessor and successor patents and

22  applications.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24      Kodak objects to this request to the extent it impermissibly seeks production protected by

25  the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

26  to the extent that it seeks production not within the custody, control, or possession of Kodak.

27  Kodak further objects to this request to the extent that the production requested is publicly

28  available and equally accessible to the requesting party. Kodak further objects to this request on

1  the grounds that it is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's

2  Case Management Conference Order Regulating Discovery and Other Pretrial Procedures.

3  Kodak further objects on the ground that this request is duplicative of other Requests.

4    Subject to and without waiving these objections and the foregoing General Objections,

5  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

6  reasonable search.

7  **REQUEST FOR PRODUCTION NO. 14:**

8    All documents and things that relate to the preparation, filing, prosecution, or maintenance

9  of all patent applications, whether pending or abandoned, United States or foreign, issued to,

10  assigned to or filed by or on behalf of Kodak that relate to or claim priority to the '811 patent,

11  including but not limited to all predecessor and successor patents and applications.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

13    Kodak objects to this request to the extent it impermissibly seeks production protected by

14  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

15  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

16  to the extent that it seeks production not within the custody, control, or possession of Kodak.

17  Kodak further objects to this request to the extent that the production requested is publicly

18  available and equally accessible to the requesting party.  Kodak further objects to this request on

19  the grounds that it is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's

20  Case Management Conference Order Regulating Discovery and Other Pretrial Procedures.

21  Kodak further objects on the ground that this request is duplicative of other Requests, including

22  Requests No. 1 and No. 13.

23    Subject to and without waiving these objections and the foregoing General Objections,

24  Kodak will produce responsive and non-privileged documents identified after a reasonable

25  search.

26  **REQUEST FOR PRODUCTION NO. 15:**

27    All documents and things that in any way tend to refute or support Kodak's contention

28  that the subject matter shown, described, or claimed in the '811 patent is patentable.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2      Kodak objects to this request to the extent it impermissibly seeks production protected by

3  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

4  on grounds that it is overly broad and unduly burdensome.  Kodak objects to this request on the

5  ground that it is vague and ambiguous with respect to the terms "tend" and "subject matter

6  shown, described."  Kodak further objects to this request to the extent that it seeks production not

7  within the custody, control, or possession of Kodak.  Kodak further objects to this request on the

8  ground that it is premature because the Court has not yet construed the claims of the '811 Patent.

9  Kodak further objects to the extent that the Request calls for a legal conclusion and/or expert

10  testimony.

11      Subject to and without waiving these objections and the foregoing General Objections,

12  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

13  reasonable search.

14  **REQUEST FOR PRODUCTION NO. 16:**

15      All documents and things that in any way tend to refute or support Kodak's contention

16  that claims of the '811 patent are valid and enforceable.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

18      Kodak objects to this request to the extent it impermissibly seeks production protected by

19  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

20  on grounds that it is overly broad and unduly burdensome.  Kodak objects to this request on the

21  ground that it is vague and ambiguous with respect to the term "tend." Kodak further objects to

22  this request to the extent that it seeks production not within the custody, control, or possession of

23  Kodak.  Kodak further objects to this request on the ground that it is premature because the Court

24  has not yet construed the claims of the '811 Patent.  Kodak further objects to the extent that the

25  Request calls for a legal conclusion and/or expert testimony.

26      Subject to and without waiving these objections and the foregoing General Objections,

27  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

28  reasonable search.

1  **REQUEST FOR PRODUCTION NO. 17:**

2      All documents and things relating to the meaning and/or scope of the claims of the '811

3  patent.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

5      Kodak objects to this request to the extent it impermissibly seeks production protected by

6  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

7  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

8  to the extent that it is premature and calls for speculation on the construction of the scope and

9  meaning of the '811 claim terms.  Kodak further objects to this request to the extent that it seeks

10 production not within the custody, control, or possession of Kodak.  Kodak further objects to this

11 Request to the extent that it is premature pursuant to Rule 2.5 of the Patent Local Rules.

12     Subject to and without waiving these objections and the foregoing General Objections,

13 Kodak will produce, responsive and non-privileged, extrinsic evidence documents identified after

14 a reasonable search, at the time required under the Court's Case Management Conference Order

15 Regulating Discovery and Other Pretrial Procedures and the Patent Local Rules.  Kodak has

16 already produced intrinsic evidence documents in its document production accompanying its

17 Disclosure of Asserted Claims and Preliminary Infringement Contentions.

18 **REQUEST FOR PRODUCTION NO. 18:**

19     All prior art to the subject matter shown, described, or claimed in the '811 patent.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21     Kodak objects to this request to the extent it impermissibly seeks production protected by

22 the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

23 on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

24 to the extent that it seeks production not within the custody, control, or possession of Kodak.

25 Kodak further objects to this request on grounds that the production requested is publicly

26 available and equally accessible to the requesting party.  Kodak further objects to this request on

27 the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter

28 shown, described."

1    Subject to and without waiving these objections and the foregoing General Objections,

2  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

3  reasonable search.

4  **REQUEST FOR PRODUCTION NO. 19:**

5    All documents and things relating to any and/or all searches or investigations ever

6  conducted by or for Kodak to locate prior art relating to the patentability of the subject matter

7  shown, described, or claimed in the '811 patent and/or the validity and enforceability of the

8  claims of the '811 patent.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10    Kodak objects to this request to the extent it impermissibly seeks production protected by

11  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

12  on grounds that it is overly broad and unduly burdensome.  Kodak further objects that this request

13  is not reasonably calculated to lead to the discovery of admissible evidence.  Kodak further

14  objects to this request to the extent that it seeks production not within the custody, control, or

15  possession of Kodak.  Kodak further objects to this request on the ground that it is vague and

16  ambiguous, especially with regard to the phrase "subject matter shown, described."

17    Subject to these objections and the foregoing General Objections, and after a reasonable

18  investigation, Kodak responds it is presently aware of no responsive non-privileged documents to

19  this request.  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak

20  reserves the right to amend and/or supplement its objections and responses as further information

21  is obtained through investigation and/or discovery.

22  **REQUEST FOR PRODUCTION NO. 20:**

23    All documents and things that relate to any and/or all studies, analyses, or opinions

24  concerning the patentability of the subject matter shown, described, or claimed in the '811 patent,

25  and/or to the validity and enforceability of the claims of the '811 patent.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

27    Kodak objects to this request to the extent it impermissibly seeks production protected by

28  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

1  on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

2  to the extent that it seeks production not within the custody, control, or possession of Kodak.

3  Kodak further objects to this request on the ground that it is vague and ambiguous, especially

4  with regard to the phrase "subject matter shown, described."

5      Subject to these objections and the foregoing General Objections, and after a reasonable

6  investigation, Kodak responds it is presently aware of no responsive non-privileged documents to

7  this request. Kodak's discovery, investigation, and trial preparation are continuing. Kodak

8  reserves the right to amend and/or supplement its objections and responses as further information

9  is obtained through investigation and/or discovery.

10  **REQUEST FOR PRODUCTION NO. 21:**

11      All patents or documents, including printed publications, that show the state of the art

12  relative to the subject matter shown, described, or claimed in the '811 patent.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

14      Kodak objects to this request to the extent it impermissibly seeks production protected by

15  the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

16  on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

17  to the extent that it seeks production not within the custody, control, or possession of Kodak.

18  Kodak further objects to this request to the extent that the production requested is publicly

19  available and equally accessible to the requesting party. Kodak further objects to this request on

20  the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter

21  shown, described."

22      Subject to and without waiving these objections and the foregoing General Objections,

23  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

24  reasonable search.

25  **REQUEST FOR PRODUCTION NO. 22:**

26      All documents and things relating to assignments, transfers, conveyances, licenses, offers

27  to license, or granting of any interest in or of rights to, the '811 patent.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to this request on the grounds that it is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case Management Conference Order Regulating Discovery and Other Pretrial Procedures.

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and things relating to any alleged long-felt need for the subject matter shown, described, or claimed in the '811 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to the extent that the Request calls for expert testimony. Kodak further objects to this request to the extent that the production requested is publicly available and equally accessible to the requesting party. Kodak further objects to this request on the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter shown, described."

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things relating to any and/or all attempts by persons other than Kodak

1  to solve any problems that were allegedly solved by the subject matter shown, described, or

2  claimed in the '811 patent.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

4      Kodak objects to this request to the extent it impermissibly seeks production protected by

5  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

6  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

7  to the extent that it seeks production not within the custody, control, or possession of Kodak.

8  Kodak further objects to this request to the extent that the production requested is publicly

9  available and equally accessible to the requesting party.  Kodak further objects to the extent that

10  the Request calls for expert testimony.  Kodak further objects to this request on the ground that it

11  is vague and ambiguous, especially with regard to the phrase "subject matter shown, described."

12      Subject to and without waiving these objections and the foregoing General Objections,

13  Kodak states it is presently aware of no responsive non-privileged documents to this request.

14  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

15  to amend and/or supplement its objections and responses as further information is obtained

16  through investigation and/or discovery.

17  **REQUEST FOR PRODUCTION NO. 25:**

18      All documents and things relating to the alleged commercial success of the subject matter

19  shown, described, or claimed in the '811 patent.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

21      Kodak objects to this request to the extent it impermissibly seeks production protected by

22  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

23  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

24  to the extent that it seeks production not within the custody, control, or possession of Kodak.

25  Kodak further objects to this request to the extent that the production requested is publicly

26  available and equally accessible to the requesting party.  Kodak further objects to this request on

27  the ground that it is vague and ambiguous, especially with regard to the phrase "subject matter

28  shown, described."

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -                                    Case No. 08cv0669 H (BLM)
EASTMAN KODAK COMPANY'S OBJECTIONS AND RESPONSES TO DR SYSTEMS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-55)

1   Subject to and without waiving these objections and the foregoing General Objections,

2   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

3   reasonable search.

4   **REQUEST FOR PRODUCTION NO. 26:**

5   All documents and things relating to any nexus between alleged commercial success and

6   the patented features of the subject matter claimed in the '811 patent.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

8   Kodak objects to this request to the extent it impermissibly seeks production protected by

9   the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

10   on grounds that it is overly broad and unduly burdensome. Kodak objects to this request on the

11   ground that it is vague and ambiguous with respect to the phrase "nexus." Kodak further objects

12   to this request to the extent that it seeks production not within the custody, control, or possession

13   of Kodak. Kodak further objects on the ground that this request is duplicative of other Requests.

14   Kodak further objects to the extent that the Request calls for expert testimony.

15   Subject to and without waiving these objections and the foregoing General Objections,

16   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

17   reasonable search.

18   **REQUEST FOR PRODUCTION NO. 27:**

19   All documents which evidence the ordinary level of skill in the art for the subject matter

20   shown, described, or claimed in the '811 patent.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

22   Kodak objects to this request to the extent it impermissibly seeks production protected by

23   the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

24   on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request

25   to the extent that it seeks production not within the custody, control, or possession of Kodak.

26   Kodak further objects to this request to the extent that the production requested is publicly

27   available and equally accessible to the requesting party. Kodak further objects to the extent that

28   the Request calls for expert testimony. Kodak further objects to this request on the ground that it

1    is vague and ambiguous, especially with regard to the phrase "subject matter shown, described."

2         Subject to and without waiving these objections and the foregoing General Objections,

3    Kodak will produce, or has produced, responsive and non-privileged documents identified after a

4    reasonable search.

5    **REQUEST FOR PRODUCTION NO. 28:**

6         All documents and things relating to DR Systems, Inc. and/or any products made, used,

7    offered for sale, sold or imported by or on behalf DR Systems including, without limitation, the

8    Accused Products.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

10         Kodak objects to this request to the extent it impermissibly seeks production protected by

11    the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

12    on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

13    to the extent that it seeks production not within the custody, control, or possession of Kodak.

14    Kodak further objects to this request to the extent that the production requested is publicly

15    available and/or equally or more accessible to the requesting party.

16         Subject to and without waiving these objections and the foregoing General Objections,

17    Kodak will produce, or has produced, responsive and non-privileged documents identified after a

18    reasonable search.

19    **REQUEST FOR PRODUCTION NO. 29:**

20         All documents that constitute, refer or relate to any comparison between any medical

21    imaging product made, used, imported into the United States, offered for sale or sold by or for

22    DR System and any medical imaging product made, used, offered for sale or sold by or for

23    Kodak.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25         Kodak objects to this request to the extent it impermissibly seeks production protected by

26    the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

27    on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

28    to the extent that it seeks production not within the custody, control, or possession of Kodak.

1   Kodak objects on the grounds that this request is premature to the extent that it seeks information

2   relating to Kodak's final infringement contentions.  Kodak further objects to this request on the

3   grounds that it is vague and ambiguous, especially with regard to the term "medical imaging

4   product."  Kodak further objects to this request on the grounds that it is duplicative of disclosures

5   required by Patent Local Rule 3-1 and the Court's Case Management Conference Order

6   Regulating Discovery and Other Pretrial Procedures.  Kodak further objects to this request on the

7   ground that it lacks foundation.  Kodak further objects to this Request to the extent that it is

8   premature pursuant to Rule 2.5 of the Patent Local Rules.

9   **REQUEST FOR PRODUCTION NO. 30:**

10      All documents and things relating to Kodak's first knowledge or awareness of products

11   (including, without limitation the Accused Products) that allegedly infringe the '811 patent.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13      Kodak objects to this request to the extent it impermissibly seeks production protected by

14   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

15   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

16   to the extent that it seeks production not within the custody, control, or possession of Kodak.

17   Kodak further objects to this request to the extent that the production requested is publicly

18   available or equally accessible to the requesting party.

19      Subject to and without waiving these objections and the foregoing General Objections,

20   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

21   reasonable search.

22   **REQUEST FOR PRODUCTION NO. 31:**

23      All documents and things relating to any products (including, without limitation, the

24   accused products) that Kodak contends have infringed or currently infringe the '811 patent.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

26      Kodak objects to this request to the extent it impermissibly seeks production protected by

27   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

28   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

1    to the extent that it seeks production not within the custody, control, or possession of Kodak.

2    Kodak further objects to this request to the extent that the Request seeks documents that are

3    publicly available, equally, or more accessible to the requesting party.  Kodak further objects to

4    this request to the extent that it seeks production not relevant to the claims or defenses at issue in

5    this action.  Kodak objects on the grounds that this request is premature to the extent that it seeks

6    information relating to Kodak's final infringement contentions.  Kodak further objects to this

7    request to the extent it is duplicative of disclosures required by the Patent Local Rules and the

8    Court's Case Management Conference Order Regulating Discovery and Other Pretrial

9    Procedures.  Kodak further objects on the ground that this request is duplicative of other

10   Requests.

11          Subject to and without waiving these objections and the foregoing General Objections,

12   Kodak will produce, or has produced, responsive and non-privileged documents identified after a

13   reasonable search.  Kodak further refers Plaintiff to its Disclosure of Asserted Claims and

14   Preliminary Infringement Contentions, and Document Production Accompanying Disclosure.

15   Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

16   to amend and/or supplement its objections and responses as further information is obtained

17   through investigation and/or discovery

18   **REQUEST FOR PRODUCTION NO. 32:**

19          All documents and things relating to any and/or all analyses, evaluations, tests, studies or

20   investigations of product that Kodak believed or believes is covered by any claim of the '811

21   patent.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23          Kodak objects to this request to the extent it impermissibly seeks production protected by

24   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

25   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

26   to the extent that it seeks production not within the custody, control, or possession of Kodak.

27   Kodak further objects to this request to the extent that the production requested is publicly

28   available and equally accessible to the requesting party.  Kodak further objects to this request to

1  the extent that it seeks production not relevant to the claims or defenses at issue in this action.

2  Kodak objects on the grounds that this request is premature to the extent that it seeks information

3  relating to Kodak's final infringement contentions.  Kodak further objects to this request to the

4  extent it is duplicative of disclosures required by the Patent Local Rules and the Court's Case

5  Management Conference Order Regulating Discovery and Other Pretrial Procedures.

6      Subject to these objections and the foregoing General Objections, and after a reasonable

7  investigation, Kodak responds as follows: Pursuant to Fed. R. Civ. P. 33(d), Kodak refers plaintiff

8  to its Disclosure of Asserted Claims and Preliminary Infringement Contentions, and Document

9  Production Accompanying Disclosure. Kodak's discovery, investigation, and trial preparation are

10  continuing.  Kodak reserves the right to amend and/or supplement its objections and responses as

11  further information is obtained through investigation and/or discovery.

12  **REQUEST FOR PRODUCTION NO. 33:**

13      All documents and things relating to litigation or possible litigation with any and/or all

14  third parties regarding the '811 patent.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

16      Kodak objects to this request to the extent it impermissibly seeks production protected by

17  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

18  on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

19  to the extent that it seeks production not within the custody, control, or possession of Kodak.

20  Kodak further objects to this request to the extent that the production requested is publicly

21  available and equally accessible to the requesting party.  Kodak further objects that this request is

22  not reasonably calculated to lead to the discovery of admissible evidence.  Kodak further objects

23  to this request as premature and calling for speculation.  Kodak further objects to this request to

24  the extent that it seeks production of documents not relevant to the claims or defenses at issue in

25  this action.

26      Subject to these objections and the foregoing General Objections, and after a reasonable

27  investigation, Kodak states it is presently aware of no responsive non-privileged documents to

28  this request.  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak

1    reserves the right to amend and/or supplement its objections and responses as further information

2    is obtained through investigation and/or discovery.

3    **REQUEST FOR PRODUCTION NO. 34:**

4        All court filings and pleadings from all previous lawsuits relating to the '811 patent.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

6        Kodak objects to this request to the extent it impermissibly seeks production protected by

7    the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

8    on the ground that it lacks foundation, because there have been no previous lawsuits regarding the

9    '811 Patent.  Kodak further objects that this request is not reasonably calculated to lead to the

10   discovery of admissible evidence.  Kodak further objects to this request to the extent that it seeks

11   production not within the custody, control, or possession of Kodak.  Kodak further objects to this

12   request to the extent that the production requested is publicly available and equally accessible to

13   the requesting party.  Kodak further objects to this request to the extent that it seeks production

14   not relevant to the claims or defenses at issue in this action.

15       Subject to these objections and the foregoing General Objections, and after a reasonable

16   investigation, Kodak states it is presently aware of no responsive non-privileged documents to

17   this request.  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak

18   reserves the right to amend and/or supplement its objections and responses as further information

19   is obtained through investigation and/or discovery.

20   **REQUEST FOR PRODUCTION NO. 35:**

21       All documents and things that relate to or otherwise evidence the damages that Kodak

22   contends should be awarded as a result of alleged infringement of the claims of the '811 patent.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24       Kodak objects to this request to the extent it impermissibly seeks production protected by

25   the attorney-client privilege and/or work-product doctrine.  Kodak objects on the grounds that this

26   request is premature.  Kodak further objects to this request to the extent that it seeks production

27   not within the custody, control, or possession of Kodak.  Kodak further objects to this request to

28   the extent that the production requested is accessible to the requesting party.

1   Subject to and without waiving these objections and the foregoing General Objections,

2   Kodak states that it is not presently aware of any non-privileged documents in its possession,

3   custody or control regarding this request, but will supplement or amend this response if any such

4   non-privileged documents are located.

5   **REQUEST FOR PRODUCTION NO. 36:**

6   Documents and things sufficient to show total monthly and annual sales in units and

7   dollars, unit prices, and unit costs of all products, systems or components allegedly made pursuant

8   to the subject matter shown, described, or claimed in the '811 patent.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

10   Kodak objects to this request to the extent it impermissibly seeks production protected by

11   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

12   on the ground that it lacks foundation.  Kodak further objects to this request on grounds that it is

13   overly broad and unduly burdensome.  Kodak further objects to this request to the extent that it

14   seeks production not relevant to the claims or defenses at issue in this action in that Kodak has

15   not asserted that any of its products embody one or more claims of the patent in suit.  Kodak

16   further objects to this request to the extent that it seeks production not within the custody, control,

17   or possession of Kodak.  Kodak further objects to this request on the ground that it is vague and

18   ambiguous, especially with regard to the term "products, systems or components allegedly made

19   pursuant to the subject matter shown, described."  Kodak further objects to this request to the

20   extent that the documents requested are equally or more accessible to the requesting party.

21   Subject to and without waiving these objections and the foregoing General Objections,

22   Kodak states it is presently aware of no responsive non-privileged documents to this request.

23   Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

24   to amend and/or supplement its objections and responses as further information is obtained

25   through investigation and/or discovery.

26   **REQUEST FOR PRODUCTION NO. 37:**

27   Documents and things sufficient to show the monthly and annual net and gross profits for

28   products, systems, or components allegedly made pursuant to the subject matter shown,

1  described, or claimed in the '811 patent.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

3  Kodak objects to this request to the extent it impermissibly seeks production protected by

4  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

5  to the extent that it seeks production not relevant to the claims or defenses at issue in this action in

6  that Kodak has not asserted that any of its products embody one or more claims of the patent in

7  suit.  Kodak further objects to this request to the extent that it seeks production not within the

8  custody, control, or possession of Kodak.  Kodak further objects to this request on the ground that

9  it is vague and ambiguous, especially with regard to the term "products, systems, or components

10  allegedly made pursuant to the subject matter shown, described."  Kodak further objects to this

11  request to the extent that the documents requested are equally if not more accessible to the

12  requesting party.

13  Subject to and without waiving these objections and the foregoing General Objections,

14  Kodak states it is presently aware of no responsive non-privileged documents to this request.

15  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

16  to amend and/or supplement its objections and responses as further information is obtained

17  through investigation and/or discovery.

18  **REQUEST FOR PRODUCTION NO. 38:**

19  Documents and things sufficient to identify all of Kodak's past and existing purchasers,

20  distributors, or licensees of all products, systems, or components allegedly made pursuant to the

21  subject matter shown, described, or claimed in the '811 patent.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23  Kodak objects to this request to the extent it impermissibly seeks production protected by

24  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

25  on the ground that it lacks foundation.  Kodak further objects to this request on the grounds that it

26  is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case Management

27  Conference Order Regulating Discovery and Other Pretrial Procedures.  Kodak further objects to

28  this request to the extent that it seeks production not relevant to the claims or defenses at issue in

1   this action in that Kodak has not asserted that any of its products embody one or more claims of

2   the patent in suit.  Kodak further objects to this request to the extent that it seeks production not

3   within the custody, control, or possession of Kodak.  Kodak further objects to this request to the

4   extent that the documents requested are equally if not more accessible to the requesting party.

5   Kodak further objects to this request on the ground that it is vague and ambiguous, especially

6   with regard to the phrase "subject matter shown, described."

7          Subject to and without waiving these objections and the foregoing General Objections,

8   Kodak states it is presently aware of no responsive non-privileged documents to this request.

9   Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

10  to amend and/or supplement its objections and responses as further information is obtained

11  through investigation and/or discovery.

12  **REQUEST FOR PRODUCTION NO. 39:**

13         All documents and things relating to sales or profit projections, forecasts, or estimates for

14  all products, systems, or components allegedly made pursuant to the subject matter shown,

15  described, or claimed in the '811 patent.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

17         Kodak objects to this request to the extent it impermissibly seeks production protected by

18  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

19  on the ground that it lacks foundation.  Kodak further objects to this request on the grounds that it

20  is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case Management

21  Conference Order Regulating Discovery and Other Pretrial Procedures.  Kodak further objects to

22  this request to the extent that it seeks production not relevant to the claims or defenses at issue in

23  this action in that Kodak has not asserted that any of its products embody one or more claims of

24  the patent in suit.  Kodak further objects to this request to the extent that it seeks production not

25  within the custody, control, or possession of Kodak.  Kodak further objects to this request to the

26  extent that the documents requested are equally if not more accessible to the requesting party.

27  Kodak further objects to this request on the ground that it is vague and ambiguous, especially

28  with regard to the phrase "subject matter shown, described."

1    Subject to and without waiving these objections and the foregoing General Objections,

2    Kodak states it is presently aware of no responsive non-privileged documents to this request.

3    Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

4    to amend and/or supplement its objections and responses as further information is obtained

5    through investigation and/or discovery.

6    **REQUEST FOR PRODUCTION NO. 40:**

7    All business plans, strategic plans, periodic budgets, forecasts, projections and long-term

8    financial plans and/or management reports relating to the sales and profitability of any product

9    that Kodak contended or contends are covered by any claim of the '811 patent.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

11    Kodak objects to this request to the extent it impermissibly seeks production protected by

12    the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

13    on the ground that it lacks foundation.  Kodak further objects to this request on the grounds that it

14    is duplicative of disclosures required by Patent Local Rule 3-2 and the Court's Case Management

15    Conference Order Regulating Discovery and Other Pretrial Procedures.  Kodak further objects to

16    this request to the extent that it seeks production not relevant to the claims or defenses at issue in

17    this action in that Kodak has not asserted that any of its products embody one or more claims of

18    the patent in suit.  Kodak further objects to this request to the extent that it seeks production not

19    within the custody, control, or possession of Kodak.  Kodak further objects to this request to the

20    extent that the documents requested are equally if not more accessible to the requesting party.

21    Subject to and without waiving these objections and the foregoing General Objections,

22    Kodak states it is presently aware of no responsive non-privileged documents to this request.

23    Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

24    to amend and/or supplement its objections and responses as further information is obtained

25    through investigation and/or discovery.

26    **REQUEST FOR PRODUCTION NO. 41:**

27    Documents sufficient to identify Kodak's past, current, or anticipated market share in the

28    United States for medical imaging products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to this request to the extent that the production requested is publicly available and equally accessible to the requesting party. Kodak further objects to this request to the extent that it seeks production not relevant to the claims or defenses at issue in this action. Kodak further objects to this request on the grounds that it is overbroad and burdensome as well as vague and ambiguous with regard to terms "anticipated market share . . . for medical imaging products."

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things relating to Kodak's efforts or the efforts of Kodak's licensee(s) to increase market share for its products covered by the technology of the '811 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to this request to the extent that the production requested is equally or more accessible to the requesting party. Kodak further objects to this request to the extent that it seeks production not relevant to the claims or defenses at issue in this action in that Kodak has not asserted that any of its products or its licensee(s)' products embody one or more claims of the patent in suit.

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information

1   is obtained through investigation and/or discovery

2   **REQUEST FOR PRODUCTION NO. 43:**

3       All documents and things relating or evidencing a demand or lack thereof for products

4   shown, described, or claimed in the '811 patent.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

6       Kodak objects to this request to the extent it impermissibly seeks production protected by

7   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

8   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this request

9   to the extent that it seeks production not within the custody, control, or possession of Kodak.

10  Kodak further objects to this request on the ground that it is vague and ambiguous, especially

11  with regard to the phrase "subject matter shown, described."  Kodak further objects to this request

12  to the extent that the documents requested are equally if not more accessible to the requesting

13  party.

14       Subject to and without waiving these objections and the foregoing General Objections,

15  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

16  reasonable search.

17  **REQUEST FOR PRODUCTION NO. 44:**

18       All documents and things relating to the amount of royalties or other payments received

19  by Kodak relating to the sale or license of all products shown, described, or claimed in the '811

20  patent.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

22       Kodak objects to this request to the extent it impermissibly seeks production protected by

23  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

24  on the ground that it lacks foundation.  Kodak further objects to this request to the extent that it

25  seeks production not relevant to the claims or defenses at issue in this action in that Kodak has

26  not asserted that any of its products embody one or more claims of the patent in suit.  Kodak

27  further objects to this request to the extent that it seeks production not within the custody, control,

28  or possession of Kodak.  Kodak further objects to this request on the ground that it is vague and

1    ambiguous, especially with regard to the phrase "subject matter shown, described."

2        Subject to and without waiving these objections and the foregoing General Objections,

3    Kodak states it is presently aware of no responsive non-privileged documents to this request.

4    Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

5    to amend and/or supplement its objections and responses as further information is obtained

6    through investigation and/or discovery.

7    **REQUEST FOR PRODUCTION NO. 45:**

8        All documents and things relating to returns of, complaints, dissatisfaction, negative

9    comments, unfavorable opinions or suggestions for improvement of products shown, described,

10   or claimed in the '811 patent.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

12       Kodak objects to this request to the extent it impermissibly seeks production protected by

13   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

14   on the ground that it lacks foundation.  Kodak objects to this request on grounds that it is overly

15   broad and unduly burdensome.  Kodak further objects to this request to the extent that it seeks

16   production not relevant to the claims or defenses at issue in this action in that Kodak has not

17   asserted that any of its products embody one or more claims of the patent in suit.  Kodak further

18   objects to this request to the extent that it seeks production not within the custody, control, or

19   possession of Kodak.  Kodak further objects to this request on the ground that it is vague and

20   ambiguous, especially with regard to the phrase "subject matter shown, described."  Kodak

21   further objects to this request to the extent that the documents requested are equally if not more

22   accessible to the requesting party.

23       Subject to and without waiving these objections and the foregoing General Objections,

24   Kodak states it is presently aware of no responsive non-privileged documents to this request.

25   Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

26   to amend and/or supplement its objections and responses as further information is obtained

27   through investigation and/or discovery.

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 08cv0669 H (BLM)

EASTMAN KODAK COMPANY'S OBJECTIONS AND RESPONSES TO DR SYSTEMS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-55)

**REQUEST FOR PRODUCTION NO. 46:**

All documents referring or relating to the marketability of any product that Kodak contended or contends are covered by any claim of the '811 patent including, but not limited to, any sales projections, consumer surveys, marketing studies, marketing plans, outside consultant surveys, interviews, focus group notes, reports and sales training materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on the ground that it lacks foundation. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome. Kodak further objects to this request to the extent that the production requested is publicly available and equally accessible to the requesting party. Kodak further objects to this request to the extent that it seeks production not relevant to the claims or defenses at issue in this action in that Kodak has not asserted that any of its products embody one or more claims of the patent in suit. Kodak further objects to this request to the extent that it seeks production not within the custody, control, or possession of Kodak. Kodak further objects to this request to the extent that the production requested is accessible to the requesting party.

Subject to and without waiving these objections and the foregoing General Objections, Kodak states it is presently aware of no responsive non-privileged documents to this request. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to identify any trade show, convention or fair wherein Kodak's medical imaging products were displayed or marketed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on the ground that it lacks foundation. Kodak further objects to this request on grounds that it is

1    overly broad and unduly burdensome.  Kodak further objects to this request to the extent that it

2    seeks production not within the custody, control, or possession of Kodak.  Kodak further objects

3    to this request to the extent that the production requested is publicly available, equally or more

4    accessible to the requesting party.  Kodak further objects to this request to the extent that it seeks

5    production not relevant to the claims or defenses at issue in this action.  Kodak further objects to

6    this request on the grounds that it is vague and ambiguous with regard, especially with regard to

7    the term "medical imaging products."

8    **REQUEST FOR PRODUCTION NO. 48:**

9        All documents and things relating to Kodak's marking of or efforts to mark the '811

10   patent on products shown, described, or claimed in the '811 patent.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

12       Kodak objects to this request to the extent it impermissibly seeks production protected by

13   the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

14   on the ground that it lacks foundation.  Kodak further objects to this request on grounds that it is

15   overly broad and unduly burdensome.  Kodak further objects to this request to the extent that it

16   seeks production not within the custody, control, or possession of Kodak.  Kodak further objects

17   to this request to the extent that it seeks information not relevant to the claims or defenses at issue

18   in this action in that Kodak has not asserted that any of its products embody one or more claims

19   of the patent in suit, and has not claimed to have marked any such products.  Kodak further

20   objects to this request on the ground that it is vague and ambiguous, especially with regard to the

21   phrase "subject matter shown, described."

22       Subject to and without waiving these objections and the foregoing General Objections,

23   Kodak states it is presently aware of no responsive non-privileged documents to this request.

24   Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

25   to amend and/or supplement its objections and responses as further information is obtained

26   through investigation and/or discovery.

27   **REQUEST FOR PRODUCTION NO. 49:**

28       All documents and things relating to Kodak's licensees' marking of or efforts to mark the

1     '811 patent on products shown described, or claimed in the '811 patent.

2     **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

3         Kodak objects to this request as duplicative of previous requests for production.  Kodak

4  objects to this request to the extent it impermissibly seeks production protected by the attorney-

5  client privilege and/or work-product doctrine.  Kodak further objects to this request on the ground

6  that it lacks foundation.  Kodak further objects to this request on grounds that it is overly broad

7  and unduly burdensome.  Kodak further objects to this request to the extent that it seeks

8  production not within the custody, control, or possession of Kodak.  Kodak further objects to this

9  request to the extent that it seeks information not relevant to the claims or defenses at issue in this

10  action.  Kodak further objects to this request on the ground that it is vague and ambiguous,

11  especially with regard to the phrase "subject matter shown, described."

12         Subject to and without waiving these objections and the foregoing General Objections,

13  Kodak states it is presently aware of no responsive non-privileged documents to this request.

14  Kodak's discovery, investigation, and trial preparation are continuing.  Kodak reserves the right

15  to amend and/or supplement its objections and responses as further information is obtained

16  through investigation and/or discovery.

17     **REQUEST FOR PRODUCTION NO. 50:**

18         All documents and things that constitute, relate, or refer to Kodak's policies, practices, or

19  procedures currently in place or previously in effect with respect to the retention or destruction of

20  documents and electronic information.

21     **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

22         Kodak objects to this request to the extent it impermissibly seeks production protected by

23  the attorney-client privilege and/or work-product doctrine.  Kodak further objects to this request

24  on grounds that it is overly broad and unduly burdensome.

25         Subject to and without waiving these objections and the foregoing General Objections,

26  Kodak will produce, or has produced, responsive and non-privileged documents identified after a

27  reasonable search.

28

**REQUEST FOR PRODUCTION NO. 51:**

Documents and things sufficient to show Kodak's organizational structure, including but not limited to all organization charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Kodak further objects to this interrogatory to the extent that it seeks information not relevant to the claims or defenses at issue in this action.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things identified by Kodak's in its answers to DR Systems' interrogatories, or reviewed, referred to, or relied upon by Kodak in preparing its responses to said interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request to the extent that the production requested is publicly available, equally or more accessible to the requesting party.

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search. As stated in Kodak's responses to interrogatories, Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and things reviewed, referred to, or relied upon by Kodak in support of the allegations in its Answer and Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request to the extent that the production requested is publicly available, equally or more accessible to the requesting party. Kodak further objects to this request on grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search. Kodak's discovery, investigation, and trial preparation are continuing. Kodak reserves the right to amend and/or supplement its objections and responses as further information is obtained through investigation and/or discovery.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and things identified by subject matter in Kodak's Rule 26(a)(1), Fed.R.Civ.P. disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine.

Subject to and without waiving these objections and the foregoing General Objections, Kodak will produce, or has produced, responsive and non-privileged documents identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 55:**

All Kodak annual reports, required financial filings, and other financial statements, including, but not limited to, statements of operations, balance sheets, statements of change in retained earnings and notes thereto, whether prepared for internal or external purposes, for the years 2000 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Kodak objects to this request to the extent it impermissibly seeks production protected by the attorney-client privilege and/or work-product doctrine. Kodak further objects to this request

1   on grounds that it is overly broad and unduly burdensome.  Kodak further objects to this

2   interrogatory on grounds that it seeks information not relevant to the claims or defenses at issue in

3   this action.

4

5   Dated:  July 14, 2008                   SCHIFF HARDIN LLP

6

7                        By: /s/ Stephen M. Hankins
                           STEPHEN M. HANKINS

8                         Attorneys for Defendant and
                         Counterclaimant EASTMAN KODAK

9                         COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

    The undersigned hereby certifies that all below counsel of record were served the 14th day

3

of July, 2008, with a copy of Eastman Kodak Company's Objections and Responses to DR

4

Systems' First Set of Requests for Production (Nos. 1-55) via fax and U.S. Mail:

5

6

        NIRO, SCAVONE, HALLER & NIRO
        Matthew G. McAndrews

7

        Dina M. Hayes
        181 West Madison Street, Suite 4600

8

        Chicago, Illinois 60602
        Telephone: (312) 236-0733

9

        Facsimile: (312) 236-3137

10

        Attorneys for Plaintiff and Counterclaim Defendant
        DR SYSTEMS, INC.

11

12

                   SCHIFF HARDIN LLP

13

14

            By: /s/ Sony B. Barari

15

               SONY B. BARARI
               Attorneys for Defendant
               EASTMAN KODAK COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28