# SCHIFFHARDIN LLP

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA  94105
*t* 415.901.8700
*f* 415.901.8701
www.schiffhardin.com

Stephen M. Hankins
415-901-8700
shankins@schiffhardin.com

August 21, 2008

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Ms. Dina Hayes, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street - Suite 4600
Chicago, IL 60602-4635

Re:  *DR Systems, Inc. v. Eastman Kodak Co. and Related Counterclaims*

Dear Dina:

From your recent emails it is apparent that DR will proceed with a motion to compel without further effort to resolve or even specify the vague objections it has raised to Kodak's document production. We write to update you on Kodak's production and in an additional effort to clarify the record as to outstanding issues.

Per our phone call last week, enclosed is a CD containing Kodak's supplemental production of documents. This production includes technical and marketing documents relating to PhotoCD, and the Asset Purchase Agreement by which Kodak's medical imaging business was transferred to Carestream Health, Inc.

As we indicated in a letter dated August 5, and reiterated during our calls on August 13 and 15, Kodak will produce those licenses it has located referring to the '811 patent. The terms of those licenses require that prior approval from the licensees be obtained before production can occur. Upon receipt of approval, the licenses will be promptly produced to you.

With respect to the prosecution-related non-public documents that you have requested, specifically pending and abandoned applications within the '811 family, Kodak reiterates its position that it has provided you with all of the non-privileged documents in its possession, custody or control after a reasonable search.

Lastly, per our recent meet and confer, Kodak has searched for documentation regarding its prior medical imaging products such as the DirectView product line. All of these documents were transferred to Carestream. There may be some responsive information as to sales figures for these products prior to for the time period prior to the Carestream transaction which we have requested and will produce if located.



Ms. Dina Hayes, Esq.
August 21, 2008
Page 2

      Please confirm what if any issues you view as outstanding prior to including them in any motion to compel so that we may resolve them if possible.

                                  Very truly yours,

                                  Stephen M. Hankins

SMH/dg
Enclosure (via Federal Express)

DR Systems, Inc. v. Eastman Kodak Company
Case No. 08-cv-0669-H-BLM

# PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is One Market, Spear Street Tower, 32nd Floor, San Francisco, California. On the date stated below, I served the attached document(s) on the parties in this action as follows:

**AUGUST 21, 2008 LETTER FROM STEPHEN M. HANKINS TO DINA HAYES ENCLOSING CD CONTAINING SUPPLEMENTAL PRODUCTION OF DOCUMENTS**

☒ By placing the document(s) listed above in a sealed Federal Express envelope, addressed and affixing a pre-paid air bill. I am readily familiar with the practice of Federal Express at my place of business to collect and process correspondence and documents for overnight delivery (pursuant to C.C.P. § 1013)

☒ By transmitting via electronic mail the documents listed above to the email address(es) set forth below on this date.

| | |
|---|---|
| Dina M. Hayes, Esq.<br>Niro Scavone Haller and Niro<br>181 West Madison Street, Suite 4600<br>Chicago, IL 60602-4515<br>Telephone: 312-236-0733<br>Facsimile: 312-236-3137<br>Email:     hayes@nshn.com<br>*Attorneys for Plaintiff* | |

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

Executed this 21st day of August, 2008, at San Francisco, California.

_____
Daniel W. Gunn