1  J. Christopher Jaczko (149317)
   Allison H. Goddard (211098)
2  JACZKO GODDARD LLP
   4401 East Gate Mall
3  San Diego, CA  92121
   Telephone:    (858) 404-9205
4  Facsimile:    (858) 225-3500

5  Raymond P. Niro (*Pro Hac Vice*)
   Matthew G. McAndrews (*Pro Hac Vice*)
6  Frederick C. Laney (*Pro Hac Vice*)
   Dina M. Hayes (*Pro Hac Vice*)
7  NIRO, SCAVONE, HALLER & NIRO
   181 West Madison Street, Suite 4600
8  Chicago, Illinois  60602
   Telephone:    (312) 236-0733
9  Facsimile:    (312) 236-3137

10 Attorneys for Plaintiff
   DR SYSTEMS, INC.

11

12

13              **UNITED STATES DISTRICT COURT**

14         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15 DR SYSTEMS, INC., a California        )    Case No.: 08 CV 00669 H (BLM)
   Corporation,                          )
16                                        )
                                          )
17              Plaintiff,                )         ***REDACTED***
                                          )    [NON-CONFIDENTIAL VERSION]
18 v.                                     )
                                          )
19 EASTMAN KODAK COMPANY, a New           )    DR SYSTEMS, INC.'S REPLY
   Jersey Corporation                     )    MEMORANDUM IN SUPPORT OF
20                                        )    ITS MOTION TO COMPEL
              Defendant.                   )    SUPPLEMENTAL DISCOVERY
21 ─────────────────────────────────── )    RESPONSES FROM EASTMAN
                                          )    KODAK COMPANY
22 EASTMAN KODAK COMPANY,                 )
                                          )
23              Counterclaimant,          )
                                          )
24 v.                                     )
                                          )
25 DR SYSTEMS, INC.,                      )
                                          )
26              Counterclaim Defendant.   )
   ─────────────────────────────────── )

27

28

DR Systems is convinced, now more than ever, that Kodak will continue to stonewall DR Systems in its attempt to obtain legitimate discovery in this case without the Court's intervention. Most troubling is Kodak's refusal to give clear cut answers to which of the 55 categories in DR Systems' requests Kodak has concluded that documents were either 1) destroyed or 2) were transferred to Carestream. Although Kodak's Opposition states that documents responsive to certain categories "have already been produced," while documents for other categories either "do not exist or are no longer within Kodak's possession, custody or control;" (Kodak Opp. at p. 1) Kodak's general attorney argument is insufficient. Since Kodak's attorneys have already represented to the Court the general results of their document investigation, collection and production, DR Systems' motion merely requests that Kodak's formal Responses to DR Systems' Requests for Documents and Things be supplemented to reflect those results <u>on a topic by topic basis</u>.[1] Kodak makes much of DR Systems' filing of the present motion to compel after receiving assurances from Kodak that documents were "in transit" and "being searched for" while completely ignoring the fact that responsive documents are overdue.[2]

DR Systems' request for detailed supplemental written responses by topic, if granted and complied with by Kodak, would most likely resolve the remaining issues before the Court. DR Systems is fully aware that it cannot ask Kodak to produce documents that no longer exist. However, DR Systems believes it is entitled to know Kodak's position on existing documents in order to develop its laches and patent invalidity defenses. Skeptical as DR Systems may be as to the incomplete patent files of Eastman Kodak Company's Patent Department (who are assignees of record of thousands of patents) or the absence of any documents and/or information retained regarding the medical imaging business it sold to Carestream just over a year ago; DR Systems is confident that representations made by Kodak before this Court regarding documents that "do not

---

[1] Prior to the filing of its motion, DR Systems reiterated the position that while it appreciated Kodak's counsel's statements during the meet and confer teleconferences regarding Kodak's production, supplementation by Kodak the company was requested.

[2] Kodak also mentions DR Systems' request for documents related to Kodak PhotoCD product line which were produced prior to the filing of DR Systems' motion. Importantly, DR Systems <u>did not</u> move to compel the production of the Kodak PhotoCD documents.

exist or are no longer within Kodak's possession, custody or control" will not be easily retracted in later pleadings. In any event, DR Systems addresses Kodak's conjured justifications for its refusal to produce additional documents and more importantly its denial that supplementation of its responses by Kodak (as opposed to its attorneys) on a topic by topic basis is warranted.

## I.    DR SYSTEMS COMPLIED WITH FED.R.CIV.P. 37(A)(2)(A)

During the August 18th teleconference with the Court, DR Systems raised these issues in an attempt to resolve the parties' discovery dispute without motion practice. At that time, Kodak's counsel was unequivocally unwilling to supplement Kodak's written Responses to DR Systems Requests for Documents and Things. Moreover, despite its previous objections to DR Systems' request for the production of documents and things related to the Kodak and Kodak/Carestream medical imaging products, Kodak's counsel indicated that certain documents would be produced if Kodak intended to rely on them in its case in chief. The parties also met and conferred regarding patent prosecution materials that Kodak had is its possession, custody or control (either in-house Patent Department or outside legal counsel) and to what extent custody of such documents had been transferred to other parties. Finally, with respect to any licenses to the '811 patent and the Kodak/Carestream transaction documents, Kodak repeatedly promised to look for documents but made no representation when its review would be complete or if responsive documents, if found, would be produced because it maintained its burdensome and relevance objections.

DR Systems eventually received a non-executed and incomplete copy of the Kodak/Carestream "transaction materials" on Monday August 25th, days after its opening memorandum was due to be filed pursuant to the Court's order. Importantly, Kodak has still not produced a single '811 patent license nor has it produced copies of the correspondence sent by Kodak to the '811 patent licensees requesting approval for their production. Moreover, oftentimes licensees refuse to permit such production absent court order on a motion to compel. Thus, DR Systems believes that all of the above issues were ripe for the Court's intervention prior to its filing of the present motion to compel.

1

## II.   MEDICAL IMAGING PRODUCTS

2

3

4

5

6

7

8

9

Kodak maintains the charade that it has no access to documents relating to medical imaging products due to the sale of this business to Carestream in June of 2007.  Described as merely "transactional materials" which "set forth Carestream's limited right to display the Kodak brand name on medical imaging products" (Kodak Opposition at page 5), the actual terms of the agreements tell a much different story sufficient <u>control</u> by Kodak over the requested documents and information.  <u>Riddell Sports, Inc.</u> v. <u>Brooks</u>, 158 FRD 555, 558 (S.D. NY 1994)("If the producing party has the legal right of the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party")(Exhibit C).



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DR Systems merely requests copies of the materials received by Kodak pursuant to the terms of the aforementioned agreements.  Kodak has not provided a reason why either it refuses to produce the documents it is obligated to receive pursuant to the Kodak/Carestream "transaction materials" or why such documents have been destroyed. The relevance of these materials is discussed in Kodak's opening memorandum.

## III.  KODAK'S REFUSAL TO SUPPLEMENT IS WRITTEN DISCOVERY RESPONSES

Kodak's two-faced approach discovery is evidenced in its own attorney argument on page 6 of its Opposition Brief where it makes the statement that DR Systems' requested supplementation is "nonsensical" because documents "no longer exist" and two sentences later states "any and all documents relating to the medical imaging business that was transferred to Carestream went to Carestream."  Kodak flip flops once again that all medical imaging documents "were transferred to Carestream, not 'destroyed.'"

Which is it?  Only a supplementation of Kodak's responses to DR Systems' Requests for Documents and Things on a topic by topic basis will provide the answer.  As stated in its opening memorandum, such supplementation is clearly contemplated by Federal Rule of Civil Procedure 34.

## IV.  LICENSES TO '811 PATENT

To date, DR Systems has yet to receive a single document regarding any licenses to the '811 patent – including any document evidencing Kodak's alleged request to licensees for their approval to such production.  In typical situations, licensees withhold approval for production absent a court

1    order requiring such production.  Thus, DR Systems respectfully maintains its position on the need

2    for these documents to understand Kodak's perceived value (if any) of the '811 patent.

3    **V.    U.S. AND FOREIGN PATENT MATERIALS IN THE '811 FAMILY**

4        Again, Kodak's position is unclear.  If Kodak's patent department which handles thousands

5    of patent applications does not maintain copies of documents regarding the prosecution of any U.S.

6    or Foreign patent applications (pending, issued or abandoned) in the '811 patent family, DR Systems

7    requests that Kodak's discovery responses be supplemented to reflect this fact.[3]  If Kodak maintains

8    such documents or such documents are within their possession, custody or control (i.e., outside

9    patent counsel or transferred to Carestream), it is DR Systems position that such documents should

10   be produced.   DR Systems does not have access to related abandoned or pending applications nor

11   are certified file histories – U.S. or foreign – as "readily accessible" to DR Systems as Kodak's

12   Opposition suggests.  Moreover, if Kodak already has them in is custody, control or possession, they

13   should be produced.  Rather than produce the documents presumably at their fingertips, Kodak

14   erroneously relies on the fact that DR Systems that filed this lawsuit.  Kodak ignores the repeated

15   accusations of patent infringement sent to DR Systems prior to DR Systems' declaratory judgment

16   complaint.  Kodak also ignores that it is Kodak's patent, Kodak's related patent applications and

17   certain information easily known to Kodak which are at issue in this case.

18   **VI.    CONCLUSION**

19       For the reasons set forth above, DR Systems respectively requests that Kodak be compelled

20   to supplement its Responses and Objections to DR Systems First Set of Document Requests with a

21   statement or explanation of the location of responsive documents for each topic.  Moreover, DR

22   Systems requests that Kodak be compelled to produce documents and things regarding 1) licenses to

23   the Kodak '811 patent in suit; 2) medical imaging products regardless of the pre- or post- Carestream

24

25   transaction; and 3) U.S. and foreign patent prosecution of patent applications which claim priority to

26   the Kodak '811 patent in suit.

27   _____

28   [3] At that time, DR Systems will then be in the position to depose the appropriate Kodak's witnesses on the
     statements made therein.

08cv00669 H (BLM)

1

2

3

Respectfully submitted,

                    /s/Dina M. Hayes
Raymond P. Niro (*Pro Hac Vice*)
Matthew G. McAndrews (*Pro Hac Vice*)
Frederick C. Laney (*Pro Hac Vice*)
Dina M. Hayes (*Pro Hac Vice*)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Sujte 4600
Chicago, Illinois  60602
Telephone:     (312) 236-0733
Facsimile:     (312) 236-3137

J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 East Gate Mall
San Diego, CA  92121
Telephone:     (858) 404-9205
Facsimile:     (858) 225-3500

Attorneys for Plaintiff
DR SYSTEMS, INC.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Certificate of Service

The undersigned hereby certifies that all below counsel of record who are deemed to have consented to electronic service were served the 9th day of September, 2008, with a copy of **DR SYSTEMS, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM EASTMAN KODAK COMPANY ***REDACTED*** [NON-CONFIDENTIAL VERSION]** through ECF:

SCHIFF HARDIN LLP
Stephen M. Hankins (Cal. Bar No. 154886)
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701
shankins@schiffhardin.com
wpschuck@schiffhardin.com

Attorneys for Defendant and Counterclaimant
EASTMAN KODAK COMPANY


_____/s/Dina M. Hayes_____
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO

08cv00669 H (BLM)