# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR SYSTEMS, INC, <br><br>　　Plaintiff / Counterclaim-Defendant, <br><br>vs. <br><br>EASTMAN KODAK COMPANY, <br><br>　　Defendant / Counterclaim-Plaintiff. | CASE NO. 08-CV-0669 H (BLM) <br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING DAMAGES UNDER 35 U.S.C. § 287** |

On April 24, 2009, Plaintiff DR Systems, Inc. filed a motion for partial summary judgment for limitation of damages under 35 U.S.C. § 287. (Doc. No. 77.) On May 26, 2009, Defendant filed a response in opposition to Plaintiff's motion for partial summary judgment. (Doc. No. 87.) On June 1, 2009, Plaintiff submitted a reply in support of its motion. (Doc. No. 90.) On June 8, 2009, the Court heard oral argument on Plaintiff's motion for partial summary judgment. Allison Goddard and Dina Hayes appeared on behalf of the Plaintiff. Stephen Hankins and Paul Previde appeared on behalf of the Defendant. The Court subsequently deferred ruling on Defendant's motion for partial summary judgment to allow the parties to conduct court-ordered depositions and submit supplementary reports. (Doc. Nos. 97, 103, 106.) For the following reasons, the Court grants DR Systems's motion for partial summary judgment and limits infringement damages to infringement occurring after Kodak's October 2007 letter. The Court's ruling is without prejudice to Kodak's ability to seek reconsideration

1  in the manner provided by law upon showing an earlier actual notice date or that no patented
2  articles were sold.

**Background**

This is a patent infringement case involving U.S. Patent No. 5,414,811 ("the '811 Patent"), of which Eastman Kodak Company ("Kodak") is the owner by assignment. (Compl. ¶¶ 1, 10; Ex. A ['811 Patent].) The '811 Patent was filed on February 25, 2994 and issued on May 9, 1995. '811 Patent. It is entitled "Method and Apparatus for Controlling Rapid Display of Multiple Images from a Digital Image Database" and claims a technology that decreases the time necessary for an electronic display device to sequentially display images in a database and allows for multiple images to be displayed and manipulated simultaneously.

On October 11, 2007, corporate counsel for Kodak sent a letter to DR Systems, Inc. regarding the '811 Patent, enclosing the Patent itself and expressing Kodak's opinion that there were "close similarities between the claims of this patent and certain medical image management products provided by DR Systems (e.g. Dominator Diagnostic Reading Station, The Web Dominator, and associated Vitrea software)." (Compl. ¶ 7; Mot. for Summ. J. Ex. G.) For purposes of this motion, DR Systems agrees that this letter constituted sufficient notice as to all of the accused products in this action. (Reply at 6.) Based on that letter and the parties' subsequent discussions, DR System developed an apprehension that Kodak would commence infringement litigation, and filed its Complaint for declaratory judgment of non-infringement and invalidity on April 14, 2008. (Compl. ¶ 7.) Kodak subsequently filed its Answer and Counterclaim alleging that several DR Systems products infringe the '811 Patent. (Doc. No. 9.)

Kodak has granted licenses under the '811 Patent to certain third parties, including: SAS Institute Inc. on March 29, 1996 (Mot. Ex. A at 1, 4, 15.); Apple Computer, Inc. on October 17, 1995 (Id. at 17, 21, 32.); Color Concept on June 25, 1995 (Id. at 35, 38, 46.); and Mind Systems Co., Ltd. on April 22, 1996 (Id. at 48, 51, 60.). In May 2007, Onex Corporation acquired the Health Group of Eastman Kodak Company, and Carestream Health began operating as a company within the Onex family of companies. (Decl. of Julie Lewis ISO Mot.

1  ["Lewis Decl."] at Mot. Ex. E. ¶ 3.)  In June 2007, Kodak sold its medical imaging arm to
2  Carestream Health, which states that it has a non-exclusive license to practice the technology
3  of the '811 Patent under the asset purchase agreement.  (Id. ¶ 4.)
4       DR Systems moves for summary judgment limiting damages to infringement occurring
5  before Kodak's October 11, 2007 letter, arguing that Kodak and its licensees have failed to
6  appropriately mark products embodying the technology of the '811 Patent, violating 35 U.S.C.
7  § 287.

## Discussion

### I.    Motion for Partial Summary Judgment – Legal Standard

     Federal Rule of Civil Procedure 56 governs summary judgment.  Section (b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b).  A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[O]n issues in which the nonmovant bears the burden of proof, . . . the movant need not 'produce evidence' showing the absence of a genuine issue of material fact in order to properly support its summary judgment motion."  Exigent Tech., Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1307-08 (Fed. Cir. 2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  A party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading" but has the obligation submit affidavits or other evidence that sets out specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).

     The Supreme Court explains that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).  The Court applies this standard to DR Systems's request to limit damages under 35 U.S.C. § 287.

/ / /

**The Marking Requirement of 35 U.S.C. § 287**

The Patent Act provides that:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). This statute serves three related purposes: (1) "helping to avoid innocent infringement," (2) "encouraging patentees to give notice to the public that the article is patented," and (3) "aiding the public to identify whether an article is patented." Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437, 1443 (Fed. Cir. 1998). Under Section 287(a), these goals may be accomplished through actual notice of infringement or constructive notice, accomplished by marking the article with the patent number. Gart v. Logitech, Inc., 254 F.3d 1334, 1345 (Fed. Cir. 2001). "Full compliance" is not achieved unless it is shown that the patentee "consistently marked substantially all of its patented products and it was no longer distributing unmarked products." Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1538 (Fed. Cir. 1993). Because these statutory requirements also apply to "persons making or selling any patented article for or under [the patentee]," express and implied licensees must also comply with Section 287. 35 U.S.C. § 287(a); Amsted Indus., Inc. v. Buckeye Steel

Castings Co., 24 F.3d 178, 185 (Fed. Cir. 1994).[1]

Under controlling case law, the "patentee bears the burden of proving compliance [with the marking statute] by a preponderance of the evidence." Nike, 138 F.3d at 1446. Such compliance is "a question of fact" and is therefore "properly decided upon summary judgment." Gart, 254 F.3d at 1339.

### A. Kodak's Compliance With the Marking Requirement

In support of its motion for summary judgment limiting damages, DR Systems argues that a Kodak's Carestream PACS system uses the technology of the '811 Patent. (Mot. At 4-6; Ex. F.) However, Kodak has not produced any evidence showing that this product was marked or that it does not embody the '811 Patent. Additionally, DR Systems refers to Kodak's responses to DR Systems first set of interrogatories. (Mot. at 4.) Interrogatory No. 2 asked Kodak to "[i]dentify all products made, used, sold, offered for sale or imported by, for or under license from Kodak which was or is marked with the number of the patent in suit; and all products that are actually or allegedly covered by one or more claims of the patent in suit." (Mot. Ex. B. at 4.) Subject to Kodak's objections, it responded by stating that "Kodak is not presently aware of any products marked with the number of the patent in suit." (Id. at 5.) DR Systems argues that such an admission, combined with Kodak's failure to present any evidence of its compliance with Section 287, eliminates any genuine issue of material fact as to this question and warrants summary judgment limiting damages.

Similarly, DR Systems argues that there is no evidence that Kodak's licensees under the '811 Patent complied with the marking requirement. (Mot. at 4; Ex. A, E.) "When the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111-12 (Fed. Cir. 1996). Here, Kodak has submitted

---

[1] For purposes of this motion, alleged infringer DR Systems agrees that Kodak's October 11, 2007 letter constituted adequate notice as to all of the accused products in this action. (Reply at 6.) DR Systems asserts that it had no actual notice of the '811 Patent prior to October 2007. (Mot. Ex. H at 13.) Accordingly, the question presently before the Court is whether Kodak failed to comply with the marking requirement of Section 287, limiting its damages to post-notification infringement.

no evidence as to any efforts it made to ensure that its licensees – SAS Institute Inc. (Mot. Ex. A at 1, 4, 15.); Apple Computer, Inc. (Id. at 17, 21, 32.); Color Concept (Id. at 35, 38, 46.); Mind Systems Co., Ltd. (Id. at 48, 51, 60.), and Carestream Health (Id. Ex. E.) – marked any licensed products covered by the '811 Patent.  The only evidence before the Court regarding these relationships are the licensing agreements themselves, which contain no provision requiring such marking.  (Id.)

### B. Kodak's Arguments Regarding the Burden of Proof

Kodak responds only by stating that DR Systems has not shown that Kodak is subject to the requirements of Section 287.  (Opp. at 4-5.)  It is true that "[t]he recovery of damages is not limited [by Section 287] where there is no failure to mark, i.e., where the proper patent notice appears on products or where there are no products to mark."  Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1220 (Fed. Cir. 2002).  However, Kodak has failed to submit so much as a declaration from its person-most-knowledgeable stating whether Kodak or its licensees have made or sold any products covered by the '811 Patent.  Instead Kodak argues that DR Systems must show the existence of such products.  (Opp. at 4-5.)  In support of this argument, Kodak cites a case from the Eastern District of Louisiana, Laitram Corp. V. Hewlett-Packard Co., Inc., 806 F. Supp. 1294, 1296 (E.D. La. 1992).  (Opp. At 5-6.)  In Laitram, the district court held that the party alleging non-compliance with the marking statute had the burden to show the existence of a "patented article" triggering the statute.  Id. at 1296.

However, the Laitram case seems to be the exception rather than the rule, and has been criticized as such. 4 Robert A. Matthews Jr., Annotated Patent Digest § 30:148 ("The Laitram court's burden allocation seems contrary to the rule requiring the patentee to prove compliance.")  The Supreme Court and Federal Circuit have consistently stated the general principle that the patentee must prove its compliance with the marking statute.  See, e.g., Dunlap v. Schofield, 152 U.S. 244, 248 (1894); Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996); Nike, Inc. V. Wal-Mart Stores, Inc., 138 F.3d 1437, 1446 (Fed. Cir. 1998). In Dunlap, the Supreme Court noted that a patentee's compliance is "a matter peculiarly within his own knowledge."  152 U.S. at 248.  Guided by these cases, other district courts have

reasoned that patentees must also have the burden of proving the nonexistence of patented articles. See, e.g., Soverain Software LLC v. Amazon.com, Inc., 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005) (finding no genuine issue of material fact where patentee "failed to bring forth any evidence that [its licensees] complied with the statute by marking any products they offered for sale or by not selling any products at all").

In this case, the Court declines to adopt Kodak's argument that DR Systems has the burden of identifying products covered by the patent. Just as a patentee's compliance with the marking statute is a matter particularly within its knowledge, so are the details of its own product line. Accordingly, between the parties, the Kodak is in the best position to introduce evidence as to whether the patented technology has been used in its products or those of its licensees. In fighting over the burden of proof, neither party has adduced significant evidence regarding the existence of specific unmarked products embodying the '811 Patent. However, because the Court concludes that it was Kodak's burden to produce such evidence, Kodak's failure to do so warrants summary judgment limiting damages.

**C.    Kodak's Arguments Regarding the Timing of this Motion**

Finally, Kodak argues that DR Systems's motion for summary judgment is premature, as Kodak had to file its opposition before deposing several of DR Systems's officers expected to have knowledge of Plaintiff's awareness of the '811 Patent. (Opp. at 9-10.) Kodak requests, under Federal Rule of Civil Procedure 56(f), that the Court defer ruling on DR Systems's motion until such discovery is completed. (Id.) The Court concludes that such delay is unnecessary. Kodak's imminent discovery will focus on DR Systems's knowledge, but "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Kodak needs no discovery to present evidence of its own actions.

/ / /

/ / /

## **Conclusion**

Accordingly, the Court grants DR Systems's motion for partial summary judgment and limits infringement damages to infringement occurring after Kodak's October 2007 letter.

The Court's ruling is without prejudice to Kodak's ability to seek reconsideration in the manner provided by law upon showing an earlier actual notice date or that no patented articles were sold.

IT IS SO ORDERED.

DATED: August 24, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT